IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:22-CR-60-KDB-DSC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| (1) MICHAEL ELLIOTT KOHN | ) | |
| (2) CATHERINE ELIZABETH CHOLLET | ) | |
|     a/k/a Liza Chollet | ) | |
| (3) DAVID SHANE SIMMONS | ) | |
|     a/k/a Shane Simmons | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' joint Motion to Alter the Court's Standard Discovery Order (Doc. 50). For the reasons stated in the Motion, the Court finds that in the best interests of the administration of justice and because of the importance of protecting potential witnesses, the Court will **GRANT** the parties' Motion to Alter the Court's Standard Discovery Order.

**IT IS THEREFORE ORDERED** that with respect to documentary materials/discovery that contain "sensitive materials" the following provisions would apply (when the term "Defendant" is used, said term encompasses an attorney for the Defendant):

    a. The sensitive materials and their contents may be provided to the Defendants so they can review the sensitive materials outside the presence of the defense team and the Defendants can maintain custody and control of such materials.

    b. The sensitive materials and their contents, and any notes or other record of such materials or their contents, shall not be disclosed either directly or indirectly to any person or entity other than the Defendants, persons employed to assist in the defense or prosecution of this matter, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion.

    c. The sensitive materials shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as the original matter. Certain documents include information private to the Government's witnesses and are made available to the Defendant only as a result of the above strict guidelines. These documents may include, but are not limited to:

        1. Witnesses' tax returns and correspondence with the Internal Revenue Service;

        2. Internal books and records of witnesses and their businesses;

3. Witnesses' bank records and possibly, summaries of bank records.

d. Before any such disclosure to the Defendants, their counsel shall personally inform them of the provisions of this Order and direct him/her not to disclose any information contained in the Government's discovery in violation of this Order and shall inform him/her that any unauthorized disclosure may be punished as contempt of court.

e. Defendants shall be responsible for controlling and accounting for all such material, copies, notes, and other records described above, and shall be responsible for assuring full compliance by him/herself and any person assisting in his/her defense with this Order.

f. The provisions above are not meant to limit use of information provided in discovery from being used in pretrial proceedings, investigation, motions and briefs, trial and other proceedings in this litigation, unless the discovery information is protected by another order protecting information received from a financial institution regulatory agency.

g. Once this litigation has concluded, any materials disclosed to the Defendants shall be returned to the United States.

7. These provisions apply <u>only</u> to the documentary evidence and <u>do not</u> alter the provisions of the Standard Discovery Order that covers copies of Jencks material, to include reports of interviews, transcripts of Grand Jury testimony, and recorded or written statements or reports of statements taken by law enforcement officers of potential witnesses ("Jencks material"). These provisions <u>do not</u> apply to any materials created or concerning the undercover operation in this case, including recordings, reports of interviews, transcripts, or other documentary evidence of the undercover operation. Defendants <u>shall not</u> be given copies of these materials and are only permitted to review the Jencks material in the presence of the defense team and the defense team shall maintain custody and control of such materials. *See* Standard Criminal Discovery Order at ¶ 25.

**SO ORDERED.**

Signed: March 21, 2023

_____
David S. Cayer
United States Magistrate Judge