IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:22-CR-00060-KDB-SCR

UNITED STATES OF AMERICA,

v.

MICHAEL ELLIOT KOHN,
CATHERINE ELIZABETH
CHOLLET, AND
DAVID SHANE SIMMONS,

Defendants.

**ORDER**

**THIS MATTER** is before the Court on Defendant Michael E. Kohn's Motion to Reconsider Court's Denial of Motion to Dismiss Based on Manifest Error of Fact (Doc. No. 126) and Supplement in Support of his Motion to Reconsider Dismissal of this Case (Doc. No. 160). The Court has carefully considered this motion and supplement, the parties' briefs and exhibits, and oral argument on the motion from the parties on March 25, 2024, and April 4, 2024. While the Court recognizes and disapproves of the Government's role in unnecessarily creating these issues, for the reasons discussed below, the Court will **DENY** the motion.

In its prior Order, the Court relied on false representations from the Government that David Hubbert was the only Deputy Assistant Attorney General ("DAAG") in the Tax Division and so was *de facto* the DAAG responsible for criminal matters ("DAAG, Criminal"). Mr. Kohn, in his motion, points out that Stuart M. Goldberg was actually the DAAG, Criminal at this time. *See* Doc. No. 126. Mr. Kohn, who informs the Court that he does not seek to relitigate the Court's legal conclusions from the prior order, has raised two main "factual" questions: (1) who was the DAAG, Criminal at the time this prosecution was authorized and (2) who in fact authorized the prosecution.

1

First, Mr. Kohn's contention that there is no evidence establishing that Mr. Goldberg was the DAAG, Criminal is fundamentally flawed. *See* Doc. No. 160 at 8 ("Even if arguendo Goldberg was the DAAG, Criminal when this case was authorized (a premise not supported by a single document submitted by the Government ex parte or otherwise)…"). One of the documents cited by Mr. Kohn clearly states that Mr. Goldberg was "serving as an Acting DAAG in TAX, overseeing the Division's *criminal matters*." Doc. No. 158-3 at 3 (emphasis added). Moreover, Mr. Kohn's own admissions undercut his point. In his motion for reconsideration, he stated, "[h]owever, an abundance of publicly available and other documents establish that Stuart M. Goldberg was the Tax Division's DAAG, Criminal when this case was authorized." Doc. No. 126 at 3. In the hearing held on March 25, 2024, one of Mr. Kohn's attorneys said, "I mean, honestly, Your Honor, Mr. Goldberg has been the DAAG criminal for as long – as long as I can remember since I was with the Government." *See* Transcript from March 25, 2024 hearing. And, two of his attorneys again conceded that they had prior knowledge regarding Mr. Goldberg's position at oral argument on April 4, 2024. Therefore, the evidence overwhelmingly establishes that Mr. Goldberg was the Acting DAAG, Criminal at the time this prosecution was authorized.[1,2]

Second, Mr. Kohn argues that because Mr. Hubbert "authorized" the prosecution *after* Mr. Goldberg had "approved" the prosecution, and because Mr. Hubbert was not the DAAG, Criminal

---

[1] Again, nothing in this discussion is meant to absolve the Government of its failure to correct the false statements it provided to the Court during the *ex parte* document review, nor does the Court feel entirely satisfied with the Government's lackluster response to this new information.

[2] The Court need not address Mr. Kohn's argument that Mr. Goldberg's appointment did not satisfy the Federal Vacancies Reform Act. *See* Doc. No. 160 at 7. There is no indication that the position of the DAAG, Criminal requires presidential appointment and senate confirmation. To that end, Mr. Goldberg was appointed under the Attorney General's power to "make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General." 28 U.S.C. § 510; *see* Doc. No. 158-3 at 8-9.

at that time, that the prosecution violates the Federal Vacancies Reform Act. However, Mr. Kohn cites no authority for his proposition that approval by a higher-ranked individual at the Department of Justice invalidates or supersedes the approval of the DAAG, Criminal. Even if it did, the authorization from Mr. Hubbert was not even signed by Mr. Hubbert. Instead, it is signed by Chief of the Southern Criminal Enforcement Section Karen E. Kelly in a fashion similar to how Assistant United States Attorneys file documents on behalf of the United States Attorney for the Western District of North Carolina. *See* Doc. No. 158-1 at 5. Mr. Goldberg, however, has his own signature on the authorization document. *Id.* at 22. Thus, the Court finds that Mr. Goldberg authorized this prosecution as required by Directive 138.

Accordingly, Mr. Kohn's motion for reconsideration and supplement are denied.

**SO ORDERED.**

Signed: April 8, 2024

Kenneth D. Bell
United States District Judge