IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:22-CR-00060-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MICHAEL ELLIOT KOHN, <br> CATHERINE ELIZABETH <br> CHOLLET, AND <br> DAVID SHANE SIMMONS, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on the Government's Motion for Clarification and Miscellaneous Relief (Doc. No. 176). The Government asks the Court to clarify whether it can present an audio recording of Defendant Michael E. Kohn discussing his prior conviction with the undercover agent and whether it may ask client-witnesses how they would have reacted if he had told them the truth about his agreement with the Government. The Government also seeks a ruling prohibiting Defendant David S. Simmons' expert witness from testifying about his state of mind or what information Mr. Simmons did or did not provide to tax professionals.

First, the Court will allow the Government to present the audio recording, but only if and after client-witnesses testify that the alleged misrepresentations given to the undercover agent were also given to them. In other words, if those witnesses testify that they were comforted or lulled by *materially different* misrepresentations, then the Court would not permit the Government to introduce the audio recording.

Second, if the client witnesses testify that they discussed Kohn's prior conviction with him the Court will allow the Government to ask the client-witnesses how they would have reacted if

1

Mr. Kohn told them the truth about his agreement with the Government. At the hearing held on April 5, 2024, the Court ruled that the Government may ask these witnesses whether they were comforted or lulled into working with the Defendants by these misrepresentations. To ask how they would have reacted if told the truth is merely the other side of the same coin, and the Court will allow that question to be asked.

Third, the Court will also grant the Government's request to prohibit Mr. Simmons' expert witness from testifying about his state of mind. "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). Questions on the reasonableness of a Defendant's conduct or then-existing state of mind "are the sort of questions that lay jurors have been answering without expert assistance from time immemorial." *Tyree v. Boston Scientific Corp.*, 54 F. Supp. 3d 501, 564 (S.D.W.V. 2014) (quoting *Kidder v. Peabody & Co. v. IAG Int'l Acceptance Grp., N.V.,* 14 F. Supp. 2d 391, 404 (S.D.N.Y.1998)). Here, Mr. Simmons' expert intends to testify that he "reasonably relied on the advice of lawyers" with respect to the federal income tax returns charged in the indictment and further intends to testify that Mr. Simmons' "reasonably relied on the advice of lawyers, accountants, and tax preparers" for his own tax returns. Doc. No. 169 at 2. This testimony explores Mr. Simmons' state of mind, intrudes on the province of the jury and therefore is prohibited.

Fourth, the Court will set a limitation on the expert witness's ability to testify about the information Mr. Simmons gave to the tax professionals. The expert witness will be limited to testifying only about information given to tax professionals which has been admitted into evidence.

2

Case 5:22-cr-00060-KDB-SCR   Document 181   Filed 04/10/24   Page 2 of 3

**SO ORDERED.**

Signed: April 9, 2024

Kenneth D. Bell
United States District Judge