**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:22-CR-60-KDB** |
| | ) | |
| **MICHAEL KOHN, _et. al.,_** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT KOHN'S MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNTS 1, 2 _THROUGH_ 12 AND 18 _THROUGH_ 22

Defendant Michael Kohn ("Kohn"), by and through undersigned counsel, respectfully moves this Court to enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 as to Counts 1, 2 _through_ 12 and 18 _through_ 22 of the indictment (Doc. 1).

As an initial matter, Kohn moves for judgment of acquittal as to each count because the evidence is insufficient to sustain a conviction for any count. Fed. R. Crim. P. 29(a). This written submission focuses specifically on Counts 2 through 12 and 18 through 22 (the Section 7206(2) counts).

Each of the counts at issue alleges a violation of 26 U.S.C. § 7206(2) and each count specifically alleges a single false statement on a tax return—"Total Income"—referencing the specific line number on the tax return at issue. (_See id_.).

It is black letter law that it is a defense to a false statement count that a defendant's answer is "literally true" irrespective of intent. _See Bronston v. United States_, 409 U.S. 352, 359-362 (1973) (reversing perjury conviction where the answers were "literally truthful" even if the defendant "intended to mislead"); _United States v. Good_, 326 F.3d 589, 590 (4th Cir. 2003) (reversing 18 U.S.C. § 1001 conviction where defendant's statement on a form that she was never

convicted of crimes enumerated on an application was "literally true" even if designed to mislead); *United States v. Baer*, 92 F. App'x 942, 943 (4th Cir. 2004) (unpublished) (affirming dismissal of 18 U.S.C. § 1001 count where statement on a form was "literally true" but inconsistent with the intent of the question); *United States v. Hairston*, 46 F.3d 361, 376 (4th Cir. 1995) (reversing perjury before a grand jury conviction because a "perjury conviction cannot be based upon evasive answers or even upon misleading answers so long as they are literally true").

As set out below, the United States Court of Appeals for the Seventh Circuit expressly applied the *Bronston* literal truth defense to a false tax return prosecution that alleged the total taxable income line on a federal income tax return was false. *United States v. Reynolds*, 919 F.2d 435, 437 (7th Cir. 1990) (citing *Bronston*). As the Seventh Circuit explained, line 7 on the tax return at issue "is derived arithmetically from other lines" and reads: "Subtract line 6 from line 5. If line 6 is larger than line 5, enter 0 on line 7. This is your taxable income." *Id*. The question before the Seventh Circuit was *not* whether that defendant had allegedly committed a tax crime or even whether he could be convicted had the indictment charged a different crime. Indeed, the Seventh Circuit concluded, "Reynolds did not reveal his complete income (§ 7203) and evaded taxation on that income (§ 7201)." *Id*. But, as the Seventh Circuit correctly held, "[n]either the indictment nor the charge to the jury set out the elements of these offenses…" *Id*. The Court therefore held: "The tax convictions are reversed." *Id*. at 439.

Furthermore, as set out below, two counts at issue—Counts 3 and 6—allege false statements on specific lines of tax returns that contain no statements at all:

- Count 3 alleges that line 22 of the 2018 IRS Form 1040, U.S. Individual Income Tax Return, for C.S. and S.S. is false. (Doc. 1). The undisputed evidence before this Court

is that line 22 of the 2018 IRS Form 1040 for C.S. and S.S. contains *no statement at all*. That alone requires a judgment of acquittal; and

- Count 6 alleges that line 22 of the 2016 IRS Form 1040X, Amended U.S. Individual Income Tax Return, for L.B. and K.B. falsely states the total income as "$-649,512". (Doc. 1). The undisputed evidence before this Court is that line 22 of the 2016 IRS Form 1040X for L.B. and K.B. contains *no statement at all*. That alone requires a judgment of acquittal.

As such, this Court should enter a judgment of acquittal for Counts 3 and 6 because Kohn cannot be convicted of making a false statement where, as here, the undisputed evidence before this Court is that the statement alleged to be false was never made in the first place. And this Court should enter a judgment of acquittal for the remaining Section 7206(2) counts because literally true answers consistent with the tax form's written instructions cannot be false.

## I. Relevant Background

On November 16, 2022, Kohn was charged with one count of a *Klein*-type conspiracy (Count 1), sixteen counts of willfully aiding and assisting in the preparation of false tax returns (Counts 2 through 12 and 18 through 22), and one count of wire fraud (Count 23). (*See* Doc. 1). The indictment also contained a Notice of Forfeiture and Finding of Probable Cause. (*Id.*).

On December 21, 2022, Kohn made his initial appearance pursuant to a summons in this Court. (Doc. 10). On the same date, Kohn was arraigned and entered a plea of not guilty to all counts and denied the forfeiture allegation.

On June 5, 2023, the Government moved to dismiss Count 23 of the indictment (wire fraud). (Doc. 60). That same day, this Court dismissed Count 23. (Doc. 61). As such, Kohn stands

charged with Counts 1, 2 through 12, and 18 through 22. This Court also granted Kohn's motion to strike the forfeiture allegation. (Doc. 95).

## II.     Federal Rule of Criminal Procedure 29

"After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). However, "[s]ubstantial evidence" does not mean merely "a scintilla" of evidence. *United States v. Taylor*, 800 F.3d 701, 711 (6th Cir. 2015) (quoting *United States v. Martin*, 375 F.2d 956, 957 (6th Cir. 1967)). Rather, "substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996).

In evaluating a Rule 29 motion, this Court has the responsibility of protecting Kohn's Fifth Amendment rights. *See, e.g., United States v. Valle*, 807 F.3d 508, 513-515 (2d Cir. 2015) (If courts "are to be faithful to the constitutional requirement that no person may be convicted unless the Government has proven guilt beyond a reasonable doubt, we must take seriously our obligation to assess the record to determine . . . whether a jury could reasonably find guilty beyond a reasonable doubt") (alteration in original) (internal quotations omitted). This means that "specious inferences are not indulged, because it would not satisfy the Constitution to have a jury determine that the defendant is probably guilty. If the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of

4

innocence, then a reasonable jury must necessarily entertain a reasonable doubt." *Id.* (quoting *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008)).

Now that the Government has rested its case-in-chief, Kohn moves this Court to enter a judgment of acquittal as to the counts at issue in this motion because the Government has failed to establish that the sole false statement alleged as to each count—"Total Income"—was false. (*See* Doc. 1).

### III.     The *Bronston* Literal Truth Defense

It is well settled in this Circuit that the *Bronston* literal truth defense applies to allegations arising out of allegedly false statements on government forms.[1]

In *Good*, for example, the defendant was charged with knowingly and willfully making a materially false statement on an application for an airport Security Identification Area badge "that she had not been convicted of any of the disqualifying crimes listed on the application when in fact, as the defendant then and there knew, she had been so convicted." *Good*, 326 F.3d at 591. As such, "the alleged false statement was her response to a question on the application." *Id*. The defendant had undisputedly pleaded guilty to the crime of embezzlement, however that "was not one of the crimes listed on the application." *Id*. at 592. "Given the wording of the question and the crime for which the defendant was convicted, her answers on the application were thus literally true; the defendant has never been convicted of any of the crimes listed on the application." *Id*. The Government focused on "the intent of the question" and argued embezzlement falls within the purview of the disqualifying crimes of "theft, fraud, dishonesty, and misrepresentation." *Id*. However, the Fourth Circuit correctly held that the defendant "was indicted for the statements that

---

[1] The literal truth defense does not apply in cases in which the focus is on the ambiguity of the question asked, but that is not the issue before this Court. *See United States v. Sarwari*, 669 F.3d 401 (4th Cir. 2012).

she made on the SIDA application *and the language of that application controlled*," therefore "her answers were literally true." *Id*. Relying on *Bronston*, a Fifth Circuit case, and an Eighth Circuit case, the Fourth Circuit held a defendant cannot be held criminally responsible for making a false statement on a form when the statement based on the instructions on the form is "literally true." *Id*. (emphasis added).

In *Baer*, the Fourth Circuit similarly considered a case where a defendant had undisputedly been convicted "of brandishing a firearm" but never of the "'use' of a firearm." *Baer*, 92 F. App'x at 945. Because the question on the government form Mr. Baer completed was "a narrowly worded question" and because his answer was "literally true," the Fourth Circuit correctly ruled he could not be convicted of making a false statement on that form. *Id*. at 945-46.

The same analysis applies with full force to this case. The counts at issue charge Kohn with willfully "report[ing] false items on the lines and in the amounts listed" in a table in the indictment, and alleges that he "then and there well knew and believed the amounts on the lines listed below were substantially understated." (*See* Doc. 1). Each count at issue in this motion alleges the "Total income" line as the sole "False Item" and each count states the applicable line number for the respective return. (*Id*.). (The line numbers are different only because the IRS forms changed from year to year; each refers to the "Total Income" line on the U.S. Individual Income Tax Return, Form 1040.) (*See id*.).

The fatal problem for the Government's case as to these counts is that the representations on the allegedly false line numbers are literally true. For instance, Count 2 alleges that line 22 of the 2017 IRS Form 1040, U.S. Individual Income Tax Return, for C.S. and S.S. is false. (Doc. 1). Line 22 directs the taxpayer and the preparer to "[c]ombine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in

original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $139,157 (line 7) plus 28 (line 8a) plus 1 (line 13) plus 0 (line 16b) plus $130,506 (line 17) minus $93,710 (line 21). That equals $175,982.[2] The indictment alleges that the "amount[]" of $175,982 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 2. (*See* Doc. 1). However, $175,982 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 190, is inserted below:

---

[2] The Court can take judicial notice of mathematical computation under Fed. R. Evid. 201 as such are not reasonably subject to dispute.  *See, e.g., Miller v. Fed. Land Bank of Spokane*, 587 F.2d 415, 422 (9th Cir. 1978) (holding that trial court must take judicial notice of a reduction in mortgage debt because "[t]his is a matter of mathematics, of which the court could and should have taken judicial notice"); *State v. Kwong*, 482 P.3d 1067, 1075 (Hawaii 2021) ("A fact may also be common knowledge if it can be derived 'by a process of combining facts that are generally known' using mathematics.") (citing 21B Charles Alan Wright, Arthur R. Miller & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5105 (2d ed. 2020)).



This is precisely true on every other count at issue in this motion.

Count 3 alleges that line 22 of the 2018 IRS Form 1040, U.S. Individual Income Tax Return, for C.S. and S.S. is false. (Doc. 1). Line 22 of the form states "**Amount you owe**." (bold in original) and directs the taxpayer and the preparer to "Subtract line 18 from line 15." On this tax return, the total of line 18 subtracted from line 15 requires the following arithmetic: $10,171 (line 15) minus $13,430 (line 18). That equals -$3,250. However, even though the indictment alleges that the "amount[]" of $150,838 is written on Line 22 and is the "False item" on the return that forms the basis of Count 3, there is *no amount written on line 22* of this tax return—thus there is *no statement*, true or false, on line 22. (*See* Doc. 1). For that reason alone, this Court must grant a judgment of acquittal because no reasonable jury can conclude Kohn willfully made a false statement on Line 22 of the tax return when he made no statement at all on that line. An excerpt of this return, admitted as Government Exhibit 191, is inserted below:



Count 4 alleges that line 7b of the 2019 IRS Form 1040, U.S. Individual Income Tax Return, for C.S. and S.S. is false. (Doc. 1). Line 7b directs the taxpayer and the preparer to "Add lines 1, 2b, 3b, 4b, 4d, 6, and 7a" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 1, 2b, 3b, 4b, 4d, 6, and 7a requires the following arithmetic: $137,606 (line 1), plus $32 (line 2b), plus $50 (line 3b), plus $90,408 (line 7a). That equals $228,096. The indictment alleges that the "amount[]" of $228,096 written on Line 7b and represented to be "Total income" is the "false item" that forms the basis of Count 4. (*See* Doc. 1). However, $228,096 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled,"

the representation on Line 7b of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 192, is inserted below:



Count 5 alleges that line 22 of the 2015 IRS Form 1040, U.S. Individual Income Tax Return, for L.B. and K.B. is false. (Doc. 1). Line 22 directs the taxpayer and the preparer to "Combine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $970 (line 7), plus $453 (line 8a), plus $0 (line 16b), plus $141,237 (line 17) minus $560,845 (line 21). That equals -$418,185. The indictment alleges that the "amount[]" of -$418,185 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 5. (*See* Doc. 1). However, -$418,185 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 15, is inserted below:



Count 6 alleges that line 22 of the 2016 IRS Form 1040X, Amended U.S. Individual Income Tax Return, for L.B. and K.B. falsely states the total income as "$-649,512". (Doc. 1). But Line 22 undisputedly directs the taxpayer and the preparer to state the "Amount of line 21 you want **refunded to you**" (bold in original). On the tax return charged in the indictment—the "2016 Form 1040X" (Doc. 1)—line 22 is blank. Thus, even though the indictment alleges that the "amount[]" of "$-649,512" is written on Line 22 and is the "False item" on the return that forms the basis of Count 6, there is *no amount written on line 22* of this tax return—thus there is *no statement*, true or false, on line 22. (*See* Doc. 1). For that reason alone, this Court must grant a judgment of acquittal because no reasonable jury can conclude Kohn willfully made a false statement on Line 22 of the tax return when he made no statement at all on that line.[3] An excerpt of this return, admitted as Government Exhibit 17, is inserted below:

---

[3] To the extent the Court were to look at line 22 of the 2016 IRS Form 1040, the taxpayer and preparer were instructed to "combine the amounts in the far right column for lines 7 through 21. This is your **total** income". The sum total of lines 7 through 21 requires the following arithmetic: -$218,727 (line 17), plus -$430,785 (line 21). That equals -$649,512. The indictment alleges that the "amount[]" of -$649,512 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 6. (*See* Doc. 1). However, -$649,512 is literally true because

Form **1040X** (Rev. January 2013) — 302 — Amended U.S. Individual Income Tax Return — Department of the Treasury – Internal Revenue Service — ▶ Information about Form 1040X and its separate instructions is at www.irs.gov/form1040x. — OMB No. 1545-0074

This return is for calendar year ▶ ☒ 2016 ☐ 2015 ☐ 2014 ☐ 2013

Other year. Enter one: calendar year ▶ _____ or fiscal year (month and year ended): ▶ _____

Your first name and initial: Larry A — Last name: Bare — Your social security number: -1835

If a joint return, spouse's first name and initial: Karen C — Last name: Bare — Spouse's social security number: -0134

**Refund or Amount You Owe**

| | | |
|---|---|---|
| 18 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 18 | |
| 19 Subtract line 18 from line 17 (If less than zero, see instructions.) | 19 | |
| 20 Amount you owe. If line 11, column C, is more than line 19, enter the difference | 20 | |
| 21 If line 11, column C, is less than line 19, enter the difference. This is the amount overpaid on this return | 21 | |
| 22 Amount of line 21 you want refunded to you | 22 | |
| 23 Amount of line 21 you want applied to your (enter year): 23 estimated tax ▶ 23 | | |

Complete and sign this form on Page 2.

BAA For Paperwork Reduction Act Notice, see instructions. — FDIA1812L 01/15/17 — Form **1040X** (Rev. 1-2017)

Count 7 alleges that line 22 of the 2017 IRS Form 1040, U.S. Individual Income Tax Return, for G.B. and N.B. is false. (Doc. 1). Line 22 directs the taxpayer and the preparer to "[c]ombine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $2,400 (line 7) plus $10,003 (line 8a), plus $7,860 (line 9a), minus $8,907 (line 12), minus $3,000 (line 13) plus $0 (line 16b) minus $26,155 (line 17), plus $13,089 (line 18). That equals -$4,710. The indictment alleges that the "amount[]" of -$4,710 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 7. (*See* Doc. 1). However, -$4,710 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 33, is inserted below:

---

it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592.

12



Count 8 alleges that line 6 of the 2018 IRS Form 1040, U.S. Individual Income Tax Return, for G.B. and N.B. is false. (Doc. 1). Line 6 directs the taxpayer and the preparer to "Add lines 1 through 5. Add any amount from Schedule 1, line 22" and the form itself states, "**Total income**." (bold in original). On this tax return, the sum total of lines 1 through 5 and Schedule 1 line 22 requires the following arithmetic: $2,400 (line1), plus $12,528 (line 2b), plus $7,211 (line 3b), plus 000000000022423 (line 5b), plus $21,028 (line 22). That equals $65,591. The indictment alleges that the "amount[]" of $65,591 written on Line 6 and represented to be "Total income" is the "false item" that forms the basis of Count 8. (*See* Doc. 1). However, $65,591 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 6 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 34, is inserted below:

13



Count 9 alleges that line 6 of the 2019 IRS Form 1040, U.S. Individual Income Tax Return, for G.B. and N.B. falsely states the total income as "$150,730". (Doc. 1). But Line 6 of the actual return filed by G.B. and N.B., a 2019 Form 1040-SR, U.S. Tax Return for Seniors, calls for the taxpayer to report "Capital gain or (loss)." On the tax return as charged in the indictment—the "2019 Form 1040" (Doc. 1)—line 6 says "$16,968." Thus, even though the indictment alleges that the "amount[]" of "$150,730" is written on Line 6 and is the "False item" on the return that forms the basis of Count 9, the amount on Line 6 is "$16,968" and represents "Capital gain or (loss)." For that reason alone, this Court must grant a judgment of acquittal because no reasonable jury can conclude Kohn willfully made a false statement of "$150,730" on Line 6 of the tax return when Line 6 contains the amount "$16,968."[4] An excerpt of this return, admitted as Government Exhibit 35, is inserted below:

---

[4] To the extent the Court were to look at line 7b of the 2019 IRS Form 1040, which does reference total income, the taxpayer and preparer were instructed to "Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a. This is your **total income**". The sum total of the named lines requires the following arithmetic: $2,400 (line 1), plus $755 (line 2b), plus $18,188 (line 3b), plus $8,147 (line 4b), plus $42,310 (line 5b), plus $16,968 (line 6), plus $61,962 (line 7a). That equals $150,730. The indictment alleges that the "amount[]" of $150,730 written on Line 6 and represented to be "Total income" is the "false item" that forms the basis of Count 9. (*See* Doc. 1). However, $150,730 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 7b of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592.

**Form 1040-SR** Department of the Treasury—Internal Revenue Service (99) **U.S. Tax Return for Seniors** **2019** OMB No. 1545-0074 IRS Use Only—Do not write or staple in this space.

**Filing Status**
Check only one box.

☐ Single ☐ Head of household (HOH) ☒ Married filing jointly ☐ Qualifying widow(er) (QW) ☐ Married filing separately (MFS)

If you checked the MFS box, enter the name of spouse. If you checked the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent. ▶

Your first name and middle initial: Gregory K.    Last name: Bower

Your social security number: ▮▮▮-▮▮-1069

If joint return, spouse's first name and middle initial: Nancy A.    Last name: Bower

Spouse's social security number: ▮▮▮-▮▮-7711

Home address (number and street). If you have a P.O. box, see instructions.    Apt. no.

Presidential Election Campaign

| | | | | | |
|---|---|---|---|---|---|
| | 1 | Wages, salaries, tips, etc. Attach Form(s) W-2 | | 1 | 2,400. |
| Attach Schedule B if required. | 2a | Tax-exempt interest | 2a 6,951. | b Taxable interest | 2b 755. |
| | 3a | Qualified dividends | 3a 16,074. | b Ordinary dividends | 3b 18,188. |
| | 4a | IRA distributions | 4a 8,146. | b Taxable amount | 4b 8,147. |
| | c | Pensions and annuities | 4c | d Taxable amount | 4d |
| | 5a | Social security benefits | 5a 49,776. | b Taxable amount | 5b 42,310. |
| | 6 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | | 6 | 16,968. |
| | 7a | Other income from Schedule 1, line 9 | | 7a | 61,962. |
| | b | Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a. This is your **total income** ▶ | | 7b | 150,730. |

Count 10 alleges that line 6 of the 2017 IRS Form 1040, U.S. Individual Income Tax Return, for D.N. is false. (Doc. 1). But Line 6, which is not a line, but a series of lines under the heading "Exemptions," does not report any monetary amount. On the tax return as charged in the indictment—the "2017 Form 1040" (Doc. 1)—line 6d, which is a summation, says "2." Thus, even though the indictment alleges that the "amount[]" of "$121,770" is written on Line 6 and is the "False item" on the return that forms the basis of Count 10, the amount on Line 6d is "2" and represents a summation of "Exemptions." For that reason alone, this Court must grant a judgment of acquittal because no reasonable jury can conclude Kohn willfully made a false statement of "$121,770" on Line 6 of the tax return when Line 6d contains the amount "2."[5] An excerpt of this return, admitted as Government Exhibit 93, is inserted below:

---

[5] To the extent the Court were to look at line 22 of the 2017 IRS Form 1040, which does reference total income, the taxpayer and preparer were instructed to "Combine the amounts listed in the far right column for lines 7 through 21. This is your **total** income". The sum total of the named lines requires the following arithmetic: $124,999 (line 7), plus $109 (line 8a), plus -$27,195 (line 12), plus -$3,000 (line 13), plus $182,607 (line 17), plus -$155,750 (line 21). That equals $121,770. The indictment alleges that the "amount[]" of $121,770 written on Line 6 and represented to be "Total income" is the "false item" that forms the basis of Count 10. (*See* Doc. 1). However, $121,770 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592.

15



Count 11 alleges that line 6 of the 2018 IRS Form 1040, U.S. Individual Income Tax Return, for D.N. is false. (Doc. 1). Line 6 directs the taxpayer and the preparer to "Add lines 1 through 5. Add any amount from Schedule 1, line 22" and the form itself states, "**Total income**." (bold in original). On this tax return, the sum total of lines 1 through 5 and Schedule 1 line 22 requires the following arithmetic: $125,000 (line1), plus $11 (line 2b), minus $20,128 (line 22). That equals $104,883. The indictment alleges that the "amount[]" of $104,883 written on Line 6 and represented to be "Total income" is the "false item" that forms the basis of Count 11 (*See* Doc. 1). However, $104,883 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled,"

16

the representation on Line 6 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 94, is inserted below:



Count 12 alleges that line 7b of the 2019 IRS Form 1040, U.S. Individual Income Tax Return, for D.N. and M.N. is false. (Doc. 1). Line 7b directs the taxpayer and the preparer to "Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a" and the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a requires the following arithmetic: $134,641 (line1), plus $4,840 (line 2b), minus $3,000 (line 6), plus $78,768 (line 7a). That equals $215,249. The indictment alleges that the "amount[]" of $215,249 written on Line 7b and represented to be "Total income" is the "false item" that forms the basis of Count 12. (*See* Doc. 1). However, $215,249 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 7b of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 95, is inserted below:



Count 18 alleges that line 22 of IRS Form 1040 attached to the 2015 IRS Form 1040X, U.S. Individual Income Tax Return, for David Shane Simmons is false. (Doc. 1). Line 22 of the attached 1040 directs the taxpayer and the preparer to "[c]ombine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $68,986 (line 7) plus $1,112 (line 10), minus $231,573 (line 12). That equals -$161,475. The indictment alleges that the "amount[]" of -$161,475 written on Line 22 of the attached Form 1040 and represented to be "Total income" is the "false item" that forms the basis of Count 18. (*See* Doc. 1). However, -$161,745 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true."

*Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 207, is inserted below:



Count 19 alleges that line 22 of the 2016 IRS Form 1040, U.S. Individual Income Tax Return, for David Shane Simmons is false. (Doc. 1). Line 22 directs the taxpayer and the preparer to "[c]ombine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $69,036 (line 7) minus $67,831 (line 12). That equals $1,205. The indictment alleges that the "amount[]" of $1,205 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 19. (*See* Doc. 1). However, $1,205 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 208, is inserted below:

19

Count 20 alleges that line 22 of the 2017 IRS Form 1040, U.S. Individual Income Tax Return, for David Shane Simmons is false. (Doc. 1). Line 22 directs the taxpayer and the preparer to "[c]ombine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $70,874 (line 7) plus $750 (line 8a), plus $13 (line 9a), minus $111,701 (line 17). That equals -$40,064. The indictment alleges that the "amount[]" of -$46,064 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 20. (*See* Doc. 1). However, -$40,064 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 209, is inserted below:



Count 21 alleges that line 6 of the 2018 IRS Form 1040, U.S. Individual Income Tax Return, for David Shane Simmons is false. (Doc. 1). Line 6 directs the taxpayer and the preparer to "Add lines 1 through 5. Add any amount from Schedule 1, line 22" and the form itself states, "Total income." On this tax return, the sum total of lines 1 through 5 and Schedule 1 line 22 requires the following arithmetic: $66,614 (line1), plus $240 (line 2b), plus $69 (line 3b), plus $8,686 (line 22). That equals $75,609. The indictment alleges that the "amount[]" of $75,609 written on Line 6 and represented to be "Total income" is the "false item" that forms the basis of Count 21 (*See* Doc. 1). However, $75,609 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 6 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 210, is inserted below:



Count 22 alleges that line 7b of the 2019 IRS Form 1040, U.S. Individual Income Tax Return, for David Shane Simmons is false. (Doc. 1). Line 7b directs the taxpayer and the preparer to "Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and  7a" and the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a requires the following arithmetic: $68,580 (line1), plus $4,284 (line 2b), plus $6,000 (line 6), minus $27,661 (line 7a). That equals $51,203. The indictment alleges that the "amount[]" of $51,203 written on Line 7b and represented to be "Total income" is the "false item" that forms the basis of Count 22. (*See* Doc. 1). However, $51,203 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 7b of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 211, is inserted below:

efile GRAPHIC print - DO NOT PROCESS | LATEST DATA - Production | DLN: 70211689615880

| Form **1040** | Department of the Treasury—Internal Revenue Service (99) U.S. Individual Income Tax Return | **2019** | OMB No. 1545-0074 | IRS Use Only—Do not write or staple in this space. |

Filing Status
Check only one box: ☐ Amended Return ☐ Single ☑ Married filing jointly ☐ Married filing separately (MFS) ☐ Head of Household (HOH) ☐ Qualifying widow(er) (QW)
If you checked the MFS box, enter the name of spouse. If you check the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent. ▶

Your first name and middle initial: D SHANE & KIMBERLY B◁SIMMONS   Last name   Your social security number: 5967

If joint return, spouse's first name and middle initial   Last name   Spouse's social security number: 2026

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Standard Deduction for— • Single or Married filing separately, $12,200 • Married filing jointly or Qualifying widow(er), $24,400 • Head of | 1 Wages, salaries, tips, etc. Attach Form(s) W-2 | | | | 1 | | 68,580 |
| | 2a Tax-exempt interest | 2a | | b Taxable interest. Attach Sch. B if required | 2b | | 4,284 |
| | 3a Qualified dividends | 3a | | b Ordinary dividends. Attach Sch. B if required | 3b | | |
| | 4a IRA distributions | 4a | | b Taxable amount | 4b | | |
| | 4c Pensions and annuities | 4c | | d Taxable amount | 4d | | |
| | 5a Social security benefits | 5a | | b Taxable amount | 5b | | |
| | 6 Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | | | | 6 | | 6,000 |
| | 7a Other income from Schedule 1, line 9 | | | | 7a | | -27,661 |
| | b Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a. This is your **total income** ▶ | | | | 7b | | 51,203 |

In other words, each and every count alleges that the sole false item on the specifically identified tax return at issue is the "total income" line. Two of those tax returns—the returns giving rise to Counts 3 and 6—contain no statement at all. Thus, on that ground alone, this Court should easily grant this motion or judgment of acquittal. The remaining tax returns contain literally true statements. Thus, as to all Section 7206(2) counts, this Court should grant this motion for judgment of acquittal.

To that end, the Seventh Circuit's analysis in *Reynolds*—also a criminal tax case involving an alleged false statement as to the total taxable income on a federal income tax return—brings the point home. In that case, the indictment alleged that Line 7 of an IRS Form 1040EZ, a simplified version of a U.S. Individual Income Tax Return, was false. *Reynolds*, 919 F.2d at 437. But exactly as in this case, Line 7 was "derived arithmetically from other lines." *Id*. Just as here, the tax return directed the taxpayer and preparer to add and subtract ("Subtract line 6 from line 5. If line 6 is larger than line 5, enter 0 on line 7"). *Id*. And precisely as in this case, the tax return itself stated, "This is your taxable income." *Id*. (The tax return in Count 2 states, "This is your total income"). The Seventh Circuit concluded that the numbers baked into the numbers used in the arithmetic equation were false and even that the defendant in that case likely violated two uncharged criminal

tax statutes, 26 U.S.C. §§ 7201 and 7203. *Id*. ("Reynolds did not reveal his complete income (§ 7203) and evaded taxation on that income (§ 7201)"). But because the indictment charged a false statement statute and because the defendant's representation as to the total taxable income was literally true in that it was "derived arithmetically from other lines" and was correct, the Seventh Circuit reversed the convictions based on the literal truth defense. *Id*. at 439 ("The tax convictions are reversed").

This Court should follow the Seventh Circuit's lead for three fundamental reasons. *First*, the only federal appellate court to have ever considered this issue ruled consistent with this motion in a case that is as factually on point as it gets.  Indeed, in the context of taxation cases, "courts temper the independence of the analysis in which they engage by according great weight to the decisions of other circuits on the same question. They do so because *the need for uniformity of decision applies with special force in tax matters*."  *Huff v. Comm'r of IRS*, 743 F.3d 790, 795 (11th Cir. 2014) (cleaned up, quoting *Birdman v. Office of the Governor*, 677 F.3d 167, 177 (3d Cir.2012), in turn quoting *Wash. Energy Co. v. United States*, 94 F.3d 1557, 1561 (Fed.Cir.1996)).

*Second*, this is consistent with the Fourth Circuit's precedent governing false statement allegations on government forms. *Third*, a plain application of Federal Rule of Criminal Procedure 29 establishes that there is no false statement because a statement that is literally true and consistent with the instructions on the tax form cannot possibly be literally false. Indeed, any other reading would make it impossible not to commit the felony charged in this case—because any other representation on Line 22 would, by definition, *not* be a combination of the amounts in the far right column for lines 7 through 21 and that is what is supposed to be reflected in Line 22 per the form.

IV.     **This Court Cannot Constructively Amend the Indictment by Permitting the Jury to Convict Kohn Based on Uncharged Alleged False Items on the Tax Returns at Issue**

The Fifth Amendment provides, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury[.]" The "right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment." *Stirone v. United States*, 361 U.S. 212, 218-19 (1960).

The Fourth Circuit has spoken forcefully about constructive amendments. "When the government, through its presentation of evidence and/or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment, a constructive amendment—sometimes referred to as a fatal variance—occurs." *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999) (citing *United States v. Redd,* 161 F.3d 793, 795 (4th Cir.1998)). Indeed, a constructive amendment is such a grave constitutional violation that, in the Fourth Circuit, "a constructive amendment violates the Fifth Amendment right to be indicted by a grand jury, is error *per se,* and must be corrected on appeal even when the defendant did not preserve the issue by objection." *See id*. (citing *United States v. Floresca*, 38 F.3d 706, 712-13 (4th Cir. 1994) (*en banc*); *see also United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007) (a "constructive amendment of an indictment is reversible error per se") (internal citations omitted). In this case, Kohn has a "substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and dismissed as harmless error." *Stirone v. United States*, 361 U.S. 212, 217 (1960).

In *United States v. Farr*, 536 F.3d 1174, 1181 (10th Cir. 2008), a tax evasion case, "the district court essentially allowed the jury to consider two possible bases for conviction—the flawed one outlined in the indictment and another more accurate one added at trial." That court noted, "the government opted to include in its indictment particulars" and "the language employed by the government in its indictments becomes an essential and delimiting part of the charge itself, such that if an indictment charges particulars, the jury instructions and evidence introduced at trial must comport with those particulars." *Id*. Farr was charged with evading the quarterly employment tax for ATHA-Genesis Chapter and his attorney waited until opening statement to argue that an individual cannot owe employment taxes of the corporation. *Id*. Reversing the conviction for a jury instruction that did not hold the Government to what the indictment alleged, that court explained that the Government may have been "in a 'ditch' but it was a ditch created by the government's own charging document." *Id*. The "charging document"—not the prosecution's conception of what the Executive Branch meant by certain terminology—was determinative. *Id*.

In this case, there is no dispute the Government charged particulars. Indeed, the Government successfully fended off a pretrial motion facially challenging the indictment by representing to this Court that the indictment was sufficient precisely because of the particulars it charged: "In terms of the substantive tax return counts, it charges a specific year, the client, the line items on the returns." (*See* Transcript of Dec. 19, 2023 Hearing at pg. 65). This was said in the context of the Government's characterization of what the indictment alleges: "the indictment must contain the elements of the crimes and fairly inform them of the charges…they clearly understand what the charges are. *That's because the indictment fully lays them out*." (*Id*. at 64-65) (emphasis added)

By charging particulars the Government did not prove at trial, the Government is no doubt "in a 'ditch' but it [is] a ditch created by the government's own charging document." *Farr*, 536 F.3d at 1181. As the Tenth Circuit explained in its thoughtful analysis of the constructive amendment issue, "to decide that question, we therefore *compare the indictment with the district court proceedings* to discern if those proceedings broadened the possible bases for conviction *beyond those found in the operative charging document*." *Id.* at 1180 (emphasis added). In other words, the analysis is limited to comparing what actually transpired at trial and the four corners of the charging document—because the indictment reflects the words of the grand jury. The Second Circuit has similarly explained that "an indictment drawn in more general terms may support a conviction on alternate bases, even though an indictment with specific charging terms will not." *United States v. Zingaro*, 858 F.2d 94, 99 (2d Cir. 1988).

### V. This Court Should Grant a Judgment of Acquittal as to Counts 2 through 12 and 18 through 22 Because the Government Has Not Established Venue

"The sixth amendment unequivocally mandates trial in the 'State and district wherein the crime shall have been committed,' and proof of venue is therefore an essential part of the government's case without which there can be no conviction." *United States v. Blecker*, 657 F.2d 629, 632 (4th Cir. 1981) (*quoting United States v. Jones*, 174 F.2d 746, 748 (7th Cir. 1949)). In performing an inquiry into the venue of the charged offenses, "a court must initially identify the conduct constituting the offense . . . and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). Where, as here, a defendant is charged with multiple counts in an indictment, venue requirements must be met for each individual count alleged. *United States v. Smith*, 452 F.3d 323, 335 (4th Cir. 2006). In analyzing whether venue is proper, the Court "must focus on the 'essential conduct elements' of the charged

27

offense." *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (*quoting United States v. Bowens*, 224 F.3d 302, 311 (4th Cir. 2000)).

The Sixth Amendment demands that in "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const., amend. VI. As such, the "government *must* prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18 (emphasis added).

In considering the *essential conduct elements* as they pertain specifically to Kohn for Counts 2 through 12 and Counts 18 through 22, the Government has not introduced evidence that Kohn "willfully aid[ed] or assist[ed] in, or procure[d], counsel[ed], or advise[d] the preparation or presentation . . . of a return . . . which [was] fraudulent or [was] false as to any material matter" within the Western District of North Carolina. 26 U.S.C. § 7206(2).

In fact, even in the light most favorable to the Government, the evidence unequivocally establishes that The Kohn Partnership's office was based in the Eastern District of Missouri at all times relevant to the indictment, and that all acts taken by Kohn—if any—in the preparation and presentation of the tax returns at issue were taken in the Eastern District of Missouri. The undisputed testimony is that all tax returns were submitted to the IRS from St. Louis, Missouri and the Government has not established that they were sent to a service center in the Western District of North Carolina (because there was and is no such IRS service center). Thus, the Government bore the burden of establishing *some act* of Kohn's that aided or assisted in procuring, counseling, or advising *the preparation or presentation* of the tax return at issue as to each count in the Western District of North Carolina—and the Government has not met its burden. Thus, because "proof of venue is therefore an essential part of the government's case without which there can be no

28

conviction," *Blecker*, 657 F.2d at 632, the law mandates entry of a judgment of acquittal as to the substantive Section 7206(2) counts.

As it relates to Counts 2, 3, and 4, Craig Sullivan did not testify about any acts specific to his 2017 IRS Form 1040 (Count 2), 2018 IRS Form 1040 (Count 3), or 2019 IRS Form 1040 (Count 4) that would establish venue in the Western District of North Carolina. And the fact that he lived in this judicial district is not itself dispositive because this Court "must focus on the 'essential conduct elements' of the charged offense." *Ebersole*, 411 F.3d at 524. The Government did not ask Mr. Sullivan about his geographic whereabouts with respect to any discussion as to any specific tax return. Thus, the Government has not established venue.

As it relates to Counts 5 and 6, Karen Bare did not testify about any acts specific to her 2015 IRS Form 1040 (Count 5) or 2016 IRS Form 1040X (Count 6) that would establish venue in the Western District of North Carolina. And the fact that she lived in this judicial district is not itself dispositive because this Court "must focus on the 'essential conduct elements' of the charged offense." *Ebersole*, 411 F.3d at 524. The Government did not ask Ms. Bare about her geographic whereabouts with respect to any discussion as to any specific tax return. Thus, the Government has not established venue.

As it relates to Counts 7, 8, and 9, Greg Bower did not testify about any acts specific to his 2017 IRS Form 1040 (Count 7), 2018 IRS Form 1040 (Count 8), or 2019 IRS Form 1040 (Count 9) that would establish venue in the Western District of North Carolina. And the fact that he lived in this judicial district is not itself dispositive because this Court "must focus on the 'essential conduct elements' of the charged offense." *Ebersole*, 411 F.3d at 524. The Government did not ask Mr. Bower about his geographic whereabouts with respect to any discussion as to any specific tax return. Thus, the Government has not established venue.

As it relates to Counts 10, 11, and 12, Damian Novak did not testify about any acts specific to his 2018 IRS Form 1040 (Count 10), 2019 IRS Form 1040 (Count 11), or 2020 IRS Form 1040 (Count 12) that would establish venue in the Western District of North Carolina. In fact, he testified that at all relevant times, he lived in Minnesota. The Government did not ask Mr. Novak about his geographic whereabouts with respect to any discussion as to any specific tax return. Thus, the Government has not established venue.

Finally, as it relates to Counts 18, 19, 20, 21, and 22, the Government has not introduced sufficient evidence to establish venue. The *only* witness who testified in any way about Mr. Simmons' tax returns was Brandi [Marlow] Davis—and she was not asked a single question about any of the specific tax returns at issue and the location where any acts associated with those returns occurred. And the fact that Mr. Simmons lived and worked in this judicial district is not itself dispositive because this Court "must focus on the 'essential conduct elements' of the charged offense." *Ebersole*, 411 F.3d at 524. Thus, the Government has not established venue.

To be clear, Kohn acknowledges that venue *can* lie in a district other than where the tax return at issue was prepared, the place from which it was mailed or electronically-filed, and the location of the IRS center where it was sent—none of which undisputedly occurred in the Western District of North Carolina as to any count. *See United States v. Hirschfeld*, 964 F.2d 318, 321 (4th Cir. 1992).

But venue must undisputedly be established *as to every count* and *as to each defendant*. *See Smith*, 275 F.3d at 378 (emphasis added); *see also United States v. Villarini,* 238 F.3d 530, 533-34 (4th Cir.2001) (venue "on a count is proper only in a district in which an essential conduct element of the offense took place"). Thus, as it relates to Kohn, this Court "must then determine where the criminal conduct was committed." *Smith*, 375 F.3d at 378. Where, as here, Kohn is

"charged with multiple counts, venue must lie *as to each individual count*." *Id.* (citing to *United States v. Robinson*, 275 F.3d 371, 378 (4th Cir. 2001)) (emphasis added).

As to Counts 2 through 12 and 18 through 22, the Government has failed to establish venue as the Sixth Amendment requires. Thus, this Court should enter a judgment of acquittal for each of these counts.

## VI.    Conclusion

Based on the foregoing, Kohn respectfully moves this Court to enter a judgment of acquittal on Counts 2 *through* 12 and 18 *through* 22.

Respectfully submitted,

*/s/ Mark Foster*
MARK FOSTER
Foster Law Offices, PLLC
409 East Blvd.
Charlotte, NC 28203
Telephone: 980-721-5221
markpfosterjr@gmail.com
ATTORNEY FOR MICHAEL KOHN

*/s/ Justin K. Gelfand*
JUSTIN K. GELFAND
JOSEPH A. DIRUZZO, III
GREGORY P. BAILEY
Margulis Gelfand, LLC
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
jd@margulisgelfand.com
greg@margulisgelfand.com
*ADMITTED PRO HAC VICE*
ATTORNEYS FOR MICHAEL KOHN

31

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing was filed electronically with the Clerk of Court and that all counsel of record received notice.

*/s/ Justin K. Gelfand*
JUSTIN K. GELFAND
Margulis Gelfand, LLC
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*PRO HAC VICE*
ATTORNEY FOR MICHAEL KOHN