**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:22-CR-60-KDB** |
| | ) | |
| **MICHAEL KOHN,** *et. al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT KOHN'S MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

Defendant Michael Kohn ("Kohn"), by and through undersigned counsel, respectfully moves this Court to enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure ("Rule") 29(c) as to Counts 2 through 12 and 18 through 22 of the indictment (Doc. 1). In the alternative, Kohn moves this Court to grant him a new trial pursuant to Rule 33.[1]

### I.        Relevant Background

On November 16, 2022, Kohn was charged with one count of a *Klein*-type conspiracy (Count 1), sixteen counts of willfully aiding and assisting in the preparation of false tax returns (Counts 2 through 12 and 18 through 22), and one count of wire fraud (Count 23). (*See* Doc. 1). The indictment also contained a Notice of Forfeiture and Finding of Probable Cause. (*Id.*).

On December 21, 2022, Kohn made his initial appearance pursuant to a summons in this Court. (Doc. 10). On the same date, Kohn was arraigned and entered a plea of not guilty to all counts and denied the forfeiture allegation.

---

[1] In addition to this motion, Kohn adopts and joins any motion filed by a co-defendant seeking a judgment of acquittal under Rule 29 or a new trial under Rule 33.

On June 5, 2023, the Government moved to dismiss Count 23 of the indictment (wire fraud). (Doc. 60). That same day, this Court dismissed Count 23. (Doc. 61). As such, Kohn was then charged with Counts 1, 2 through 12, and 18 through 22. This Court also granted Kohn's motion to strike the forfeiture allegation. (Doc. 95).

Prior to trial, Kohn filed numerous motions, including several motions in limine. Of relevance to this motion, Kohn filed a motion seeking to exclude any evidence of his prior conviction and plea agreement. (Doc. 135). Following a hearing, the Court orally denied this motion in limine on April 4, 2024.

On April 15, 2024, Kohn proceeded to trial maintaining his plea of not guilty as to all remaining counts. At the close of the Government's case-in-chief, Kohn timely moved this Court to enter a judgment of acquittal pursuant to Rule 29(a). (Doc. 195). This Court denied Kohn's motion. (Doc. 206).

## II.     This Court Should Enter a Judgment of Acquittal Under Federal Rule of Criminal Procedure 29

"A defendant may move for a judgment of acquittal . . . after a guilty verdict," and, based on that motion, "the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(1) and (c)(2). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982) (overturning a count of conviction because the finding of guilt "would require pure conjecture on the part of the jury"). However, "[s]ubstantial evidence" does not mean merely "a scintilla" of evidence. *United States v. Taylor*, 800 F.3d 701, 711 (6th Cir. 2015) (quoting *United States v. Martin*, 375 F.2d 956, 957 (6th Cir. 1967)). Rather, "substantial evidence is evidence that a reasonable finder of fact could

accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating a motion under Rule 29, "this standard applies to each material element of the offense." *United States v. Dominguez*, 604 F.2d 304, 310 (4th Cir. 1979).

When considering this motion, this Court has the responsibility of protecting Kohn's Fifth Amendment rights. *See, e.g., United States v. Valle*, 807 F.3d 508, 513-515 (2d Cir. 2015) (If courts "are to be faithful to the constitutional requirement that no person may be convicted unless the Government has proven guilt beyond a reasonable doubt, we must take seriously our obligation to assess the record to determine . . . whether a jury could reasonably find guilty beyond a reasonable doubt") (alteration in original) (internal quotations omitted). This means that "specious inferences are not indulged, because it would not satisfy the Constitution to have a jury determine that the defendant is probably guilty. If the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." *Id.* (quoting *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008)).

A.    **The *Bronston* Literal Truth Defense Requires a Judgment of Acquittal for Counts 2 through 12 and 18 through 22**

It is well settled in this Circuit that the *Bronston* literal truth defense applies to allegations arising out of allegedly false statements on government forms.[2] *See Bronston v. United States*, 409 U.S. 352, 359-362 (1973) (reversing perjury conviction where the answers were "literally truthful" even if the defendant "intended to mislead"); *United States v. Good*, 326 F.3d 589, 590 (4th Cir. 2003) (reversing 18 U.S.C. § 1001 conviction where defendant's statement on a form that she was

---

[2] The literal truth defense does not apply in cases in which the focus is on the ambiguity of the question asked, but that is not the issue before this Court. *See United States v. Sarwari*, 669 F.3d 401 (4th Cir. 2012).

never convicted of crimes enumerated on an application was "literally true" even if designed to mislead); *United States v. Baer*, 92 F. App'x 942, 943 (4th Cir. 2004) (unpublished) (affirming dismissal of 18 U.S.C. § 1001 count where statement on a form was "literally true" but inconsistent with the intent of the question); *United States v. Hairston*, 46 F.3d 361, 376 (4th Cir. 1995) (reversing perjury before a grand jury conviction because a "perjury conviction cannot be based upon evasive answers or even upon misleading answers so long as they are literally true").

In *Good*, for example, the defendant was charged with knowingly and willfully making a materially false statement on an application for an airport Security Identification Area badge "that she had not been convicted of any of the disqualifying crimes listed on the application when in fact, as the defendant then and there knew, she had been so convicted." *Good*, 326 F.3d at 591. As such, "the alleged false statement was her response to a question on the application." *Id*. The defendant had undisputedly pleaded guilty to the crime of embezzlement, however that "was not one of the crimes listed on the application." *Id*. at 592. "Given the wording of the question and the crime for which the defendant was convicted, her answers on the application were thus literally true; the defendant has never been convicted of any of the crimes listed on the application." *Id*. The Government focused on "the intent of the question" and argued embezzlement falls within the purview of the disqualifying crimes of "theft, fraud, dishonesty, and misrepresentation." *Id*. However, the Fourth Circuit correctly held that the defendant "was indicted for the statements that she made on the SIDA application *and the language of that application controlled*," therefore "her answers were literally true." *Id*. Relying on *Bronston*, a Fifth Circuit case and an Eighth Circuit case, the Fourth Circuit held a defendant cannot be held criminally responsible for making a false statement on a form when the statement based on the instructions on the form is "literally true." *Id*. (emphasis added).

4

In *Baer*, the Fourth Circuit similarly considered a case where a defendant had undisputedly been convicted "of brandishing a firearm" but never of the "'use' of a firearm." *Baer*, 92 F. App'x at 945. Because the question on the government form Mr. Baer completed was "a narrowly worded question" and because his answer was "literally true," the Fourth Circuit correctly ruled he could not be convicted of making a false statement on that form. *Id*. at 945-46.

The same analysis applies with full force to this case. The counts at issue charge Kohn with willfully "report[ing] false items on the lines and in the amounts listed" in a table in the indictment, and allege that he "then and there well knew and believed the amounts on the lines listed below were substantially understated." (*See* Doc. 1). Each count at issue in this motion alleges the "Total income" line as the sole "False Item" and each count states the applicable line number for the respective return. (*Id*.). (The line numbers are different only because the IRS forms changed from year to year; each refers to the "Total Income" line on the U.S. Individual Income Tax Return, Form 1040.) (*See id*.).

The Government claims that, post-*Bronston*, the Internal Revenue Service ("IRS") "fixed" this issue by altering the jurat to be more inclusive of sources of income not requested on the form. *First*, that is not the issue in this case. The Forms 1040 filed in this case request all the categories of income relevant to the taxpayers in this case, and no allegation was made, in the indictment or the trial, that categories of income were omitted. *Second*, the IRS isn't the party that made these charging decisions. The Government, through its attorneys, chose which lines to include in the indictment as being false. There is no requirement for limiting the lines which the Government alleges are false. The Government chose "total income," the Government chose the one with the clear instructions to simply add up certain other lines, and the Government could not, and did not, prove that the "total income" line was materially false.

5

The fatal problem for the Government's case as to these counts is that the representations on the allegedly false line numbers are literally true. For instance, Count 2 alleges that line 22 of the 2017 IRS Form 1040, U.S. Individual Income Tax Return, for C.S. and S.S. is false. (Doc. 1). Line 22 directs the taxpayer and the preparer to "[c]ombine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $139,157 (line 7) plus 28 (line 8a) plus 1 (line 13) plus 0 (line 16b) plus $130,506 (line 17) minus $93,710 (line 21). That equals $175,982.[3] The indictment alleges that the "amount[]" of $175,982 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 2. (*See* Doc. 1). However, $175,982 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 190, is inserted below:

---

[3] The Court can take judicial notice of mathematical computation under Fed. R. Evid. 201 as such are not reasonably subject to dispute. *See, e.g., Miller v. Fed. Land Bank of Spokane*, 587 F.2d 415, 422 (9th Cir. 1978) (holding that trial court must take judicial notice of a reduction in mortgage debt because "[t]his is a matter of mathematics, of which the court could and should have taken judicial notice"); *State v. Kwong*, 482 P.3d 1067, 1075 (Hawaii 2021) ("A fact may also be common knowledge if it can be derived 'by a process of combining facts that are generally known' using mathematics.") (citing 21B Charles Alan Wright, Arthur R. Miller & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5105 (2d ed. 2020)).

6



This is precisely true on every other count at issue in this motion.

Count 3 alleges that line 22 of the 2018 IRS Form 1040, U.S. Individual Income Tax Return, for C.S. and S.S. is false. (Doc. 1). Line 22 of the form states "**Amount you owe**." (bold in original) and directs the taxpayer and the preparer to "Subtract line 18 from line 15." On this tax return, the total of line 18 subtracted from line 15 requires the following arithmetic: $10,171 (line 15) minus $13,430 (line 18). That equals -$3,250. However, even though the indictment alleges that the "amount[]" of $150,838 is written on Line 22 and is the "False item" on the return that forms the basis of Count 3, there is *no amount written on line 22* of this tax return—thus there is *no statement*, true or false, on line 22. (*See* Doc. 1). For that reason alone, this Court must grant a judgment of acquittal because no reasonable jury can conclude Kohn willfully made a false statement on Line 22 of the tax return when he made no statement at all on that line. An excerpt of this return, admitted as Government Exhibit 191, is inserted below:

7



Count 4 alleges that line 7b of the 2019 IRS Form 1040, U.S. Individual Income Tax

Return, for C.S. and S.S. is false. (Doc. 1). Line 7b directs the taxpayer and the preparer to "Add

lines 1, 2b, 3b, 4b, 4d, 6, and 7a" and then the form itself states, "This is your **total income**." (bold

in original). On this tax return, the sum total of lines 1, 2b, 3b, 4b, 4d, 6, and 7a requires the

following arithmetic: $137,606 (line 1), plus $32 (line 2b), plus $50 (line 3b), plus $90,408 (line

7a). That equals $228,096. The indictment alleges that the "amount[]" of $228,096 written on Line

7b and represented to be "Total income" is the "false item" that forms the basis of Count 4. (*See*

Doc. 1). However, $228,096 is literally true because it follows the specific instructions on the form

*and* because it is the IRS on the form itself that is making the representation, "This is your **total**

**income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was

the subject of the Fourth Circuit's inquiry and where "the language of that application controlled,"

the representation on Line 7b of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 192, is inserted below:



Count 5 alleges that line 22 of the 2015 IRS Form 1040, U.S. Individual Income Tax Return, for L.B. and K.B. is false. (Doc. 1). Line 22 directs the taxpayer and the preparer to "Combine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $970 (line 7), plus $453 (line 8a), plus $0 (line 16b), plus $141,237 (line 17) minus $560,845 (line 21). That equals -$418,185. The indictment alleges that the "amount[]" of -$418,185 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 5. (*See* Doc. 1). However, -$418,185 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 15, is inserted below:



efile GRAPHIC print - DO NOT PROCESS | LATEST DATA - Production | DLN: 70221440055457

| Form **1040** | Department of the Treasury—Internal Revenue Service (99) U.S. Individual Income Tax Return | **2015** | OMB No. 1545-0074 | IRS Use Only—Do not write or staple in this space. |
|---|---|---|---|---|

For the year Jan. 1–Dec. 31, 2015, or other tax year beginning 01-01-2015 , ending 12-31-2015 — See separate instructions.

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LARRY A & KAREN C- BARE | | 1835 |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| | | 0134 |

Home address (number and street). If you have a P.O. box, see instructions. | Apt. no.

**Income**

Attach Form(s)
W-2 here. Also
attach Forms
W-2G and
1099-R if tax
was withheld.

If you did not
get a W-2,
see instructions.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 970 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | 453 |
| b | Tax-exempt interest. Do not include on line 8a | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions 15a | b Taxable amount | 15b | |
| 16a | Pensions and annuities 16a | b Taxable amount | 16b | 0 |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | 141,237 |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits 20a | b Taxable amount | 20b | |
| 21 | Other income. List type and amount | 21 | -560,845 |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your **total income** | 22 | -418,185 |

Count 6 alleges that line 22 of the 2016 IRS Form 1040X, Amended U.S. Individual Income Tax Return, for L.B. and K.B. falsely states the total income as "$-649,512". (Doc. 1). But Line 22 undisputedly directs the taxpayer and the preparer to state the "Amount of line 21 you want **refunded to you**" (bold in original). On the tax return charged in the indictment—the "2016 Form 1040X" (Doc. 1)—line 22 is blank. Thus, even though the indictment alleges that the "amount[]" of "$-649,512" is written on Line 22 and is the "False item" on the return that forms the basis of Count 6, there is *no amount written on line 22* of this tax return—thus there is *no statement*, true or false, on line 22. (*See* Doc. 1). For that reason alone, this Court must grant a judgment of acquittal because no reasonable jury can conclude Kohn willfully made a false statement on Line 22 of the tax return when he made no statement at all on that line.[4] An excerpt of this return, admitted as Government Exhibit 17, is inserted below:

---

[4] To the extent the Court were to look at line 22 of the 2016 IRS Form 1040, the taxpayer and preparer were instructed to "combine the amounts in the far right column for lines 7 through 21. This is your **total** income". The sum total of lines 7 through 21 requires the following arithmetic: -$218,727 (line 17), plus -$430,785 (line 21). That equals -$649,512. The indictment alleges that the "amount[]" of -$649,512 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 6. (*See* Doc. 1). However, -$649,512 is literally true because

Form **1040X** 302
(Rev. January 2017b)  Department of the Treasury — Internal Revenue Service
Amended U.S. Individual Income Tax Return
► Information about Form 1040X and its separate instructions is at www.irs.gov/form1040x.
OMB No. 1545-0074

This return is for calendar year  ☒ 2016  ☐ 2015  ☐ 2014  ☐ 2013
Other tax year. Enter one: calendar year _____ or fiscal year (month and year ended): _____

Your first name and initial: Larry A    Last name: Bare    Your social security number: -1835
If a joint return, spouse's first name and initial: Karen C    Last name: Bare    Spouse's social security number: -0134

**Refund or Amount You Owe**
18  Overpayment, if any, as shown on original return or as previously adjusted by the IRS .......... | 18
19  Subtract line 18 from line 17 (If less than zero, see instructions.) ...................... | 19
20  Amount you owe. If line 11, column C, is more than line 19, enter the difference ............ | 20
21  If line 11, column C, is less than line 19, enter the difference. This is the amount overpaid on this return. | 21
22  Amount of line 21 you want refunded to you ............................ | 22
23  Amount of line 21 you want applied to your (enter year): ____  estimated tax ► | 23

Complete and sign this form on Page 2.
BAA For Paperwork Reduction Act Notice, see instructions.    FDIA1812L  01/13/2017    Form 1040X (Rev. 1-2017)

Count 7 alleges that line 22 of the 2017 IRS Form 1040, U.S. Individual Income Tax Return, for G.B. and N.B. is false. (Doc. 1). Line 22 directs the taxpayer and the preparer to "[c]ombine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $2,400 (line 7) plus $10,003 (line 8a), plus $7,860 (line 9a), minus $8,907 (line 12), minus $3,000 (line 13) plus $0 (line 16b) minus $26,155 (line 17), plus $13,089 (line 18). That equals -$4,710. The indictment alleges that the "amount[]" of -$4,710 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 7. (*See* Doc. 1). However, -$4,710 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 33, is inserted below:

---

it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592.



Count 8 alleges that line 6 of the 2018 IRS Form 1040, U.S. Individual Income Tax Return, for G.B. and N.B. is false. (Doc. 1). Line 6 directs the taxpayer and the preparer to "Add lines 1 through 5. Add any amount from Schedule 1, line 22" and the form itself states, "**Total income**." (bold in original). On this tax return, the sum total of lines 1 through 5 and Schedule 1 line 22 requires the following arithmetic: $2,400 (line1), plus $12,528 (line 2b), plus $7,211 (line 3b), plus 000000000022423 (line 5b), plus $21,028 (line 22). That equals $65,591. The indictment alleges that the "amount[]" of $65,591 written on Line 6 and represented to be "Total income" is the "false item" that forms the basis of Count 8. (*See* Doc. 1). However, $65,591 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 6 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 34, is inserted below:



efile GRAPHIC print - DO NOT PROCESS | LATEST DATA - Production | DLN: 70221540013440

| Form **1040** | Department of the Treasury—Internal Revenue Service (99) **U.S. Individual Income Tax Return** | **2018** | OMB No. 1545-0074 | IRS Use Only—Do not write or staple in this space. |

Filing status: ☐ Single ☑ Married filing jointly ☐ Married filing separately ☐ Head of household ☐ Qualifying widow(er)

Your first name and initial: GREGORY K & NANCY A BOWER | Last name | Your social security number ...1069

Your standard deduction: ☐ Someone can claim you as a dependent ☑ You were born before January 2, 1954 ☐ You are blind

If a joint return, spouse's first name and initial | Last name | Spouse's social security number ...7211

Form 1040 (2018) — Page 2

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Attach Form(s) W-2. Also attach Form(s) W-2G and 1099-R if tax was withheld. | 1 | Wages, salaries, tips, etc. Attach Form(s) W-2 | | | 1 | | 2,400 |
| | 2a | Tax-exempt interest | 2a | 6,478 | b Taxable interest | 2b | 12,528 |
| | 3a | Qualified dividends | 3a | 4,715 | b Ordinary dividends | 3b | 7,211 |
| | 4a | IRAs, pensions, and annuities | 4a | | b Taxable amount | 4b | |
| | 5a | Social security benefits | 5a | 48,408 | b Taxable amount | 5b | +00000000022423 |
| | 6 | Total income. Add lines 1 through 5. Add any amount from Schedule 1, line 22 | 21,028 | | 6 | | 65,591 |

Count 9 alleges that line 6 of the 2019 IRS Form 1040, U.S. Individual Income Tax Return, for G.B. and N.B. falsely states the total income as "$150,730". (Doc. 1). But Line 6 of the actual return filed by G.B. and N.B., a 2019 Form 1040-SR, U.S. Tax Return for Seniors, calls for the taxpayer to report "Capital gain or (loss)." On the tax return as charged in the indictment—the "2019 Form 1040" (Doc. 1)—line 6 says "$16,968." Thus, even though the indictment alleges that the "amount[]" of "$150,730" is written on Line 6 and is the "False item" on the return that forms the basis of Count 9, the amount on Line 6 is "$16,968" and represents "Capital gain or (loss)." For that reason alone, this Court must grant a judgment of acquittal because no reasonable jury can conclude Kohn willfully made a false statement of "$150,730" on Line 6 of the tax return when Line 6 contains the amount "$16,968."[5] An excerpt of this return, admitted as Government Exhibit 35, is inserted below:

---

[5] To the extent the Court were to look at line 7b of the 2019 IRS Form 1040, which does reference total income, the taxpayer and preparer were instructed to "Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a. This is your **total income**". The sum total of the named lines requires the following arithmetic: $2,400 (line 1), plus $755 (line 2b), plus $18,188 (line 3b), plus $8,147 (line 4b), plus $42,310 (line 5b), plus $16,968 (line 6), plus $61,962 (line 7a). That equals $150,730. The indictment alleges that the "amount[]" of $150,730 written on Line 6 and represented to be "Total income" is the "false item" that forms the basis of Count 9. (*See* Doc. 1). However, $150,730 is literally true because it follows the specific instructions on the form _and_ because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 7b of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592.

| Form **1040-SR** U.S. Tax Return for Seniors | Department of the Treasury—Internal Revenue Service (99) | 2019 | OMB No. 1545-0074 | IRS Use Only – Do not write or staple in this space. |

**Filing Status**
Check only one box.

☐ Single ☐ Head of household (HOH) ☒ Married filing jointly ☐ Qualifying widow(er) (QW) ☐ Married filing separately (MFS)

If you checked the MFS box, enter the name of spouse. If you checked the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent. ▶

Your first name and middle initial — Gregory K. — Last name — Bower
Your social security number — ███-██-1069

If joint return, spouse's first name and middle initial — Nancy A. — Last name — Bower
Spouse's social security number — ███-██-7711

Home address (number and street). If you have a P.O. box, see instructions. — Apt. no. — Presidential Election Campaign

| | | | | | |
|---|---|---|---|---|---|
| Attach Schedule B if required. | 1 Wages, salaries, tips, etc. Attach Form(s) W-2 | | | 1 | 2,400. |
| | 2a Tax-exempt interest | 2a | 6,951. | b Taxable interest | 2b | 755. |
| | 3a Qualified dividends | 3a | 16,074. | b Ordinary dividends | 3b | 18,188. |
| | 4a IRA distributions | 4a | 8,146. | b Taxable amount | 4b | 8,147. |
| | c Pensions and annuities | 4c | | d Taxable amount | 4d | |
| | 5a Social security benefits | 5a | 49,776. | b Taxable amount | 5b | 42,310. |
| | 6 Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | | | 6 | 16,968. |
| | 7a Other income from Schedule 1, line 9 | | | 7a | 61,962. |
| | b Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a. This is your **total income** ▶ | | | 7b | 150,730. |

Count 10 alleges that line 6 of the 2017 IRS Form 1040, U.S. Individual Income Tax Return, for D.N. is false. (Doc. 1). But Line 6, which is not a line, but a series of lines under the heading "Exemptions," does not report any monetary amount. On the tax return as charged in the indictment—the "2017 Form 1040" (Doc. 1)—line 6d, which is a summation, says "2." Thus, even though the indictment alleges that the "amount[]" of "$121,770" is written on Line 6 and is the "False item" on the return that forms the basis of Count 10, the amount on Line 6d is "2" and represents a summation of "Exemptions." For that reason alone, this Court must grant a judgment of acquittal because no reasonable jury can conclude Kohn willfully made a false statement of "$121,770" on Line 6 of the tax return when Line 6d contains the amount "2."[6] An excerpt of this return, admitted as Government Exhibit 93, is inserted below:

---

[6] To the extent the Court were to look at line 22 of the 2017 IRS Form 1040, which does reference total income, the taxpayer and preparer were instructed to "Combine the amounts listed in the far right column for lines 7 through 21. This is your **total** income". The sum total of the named lines requires the following arithmetic: $124,999 (line 7), plus $109 (line 8a), plus -$27,195 (line 12), plus -$3,000 (line 13), plus $182,607 (line 17), plus -$155,750 (line 21). That equals $121,770. The indictment alleges that the "amount[]" of $121,770 written on Line 6 and represented to be "Total income" is the "false item" that forms the basis of Count 10. (*See* Doc. 1). However, $121,770 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592.



Count 11 alleges that line 6 of the 2018 IRS Form 1040, U.S. Individual Income Tax Return, for D.N. is false. (Doc. 1). Line 6 directs the taxpayer and the preparer to "Add lines 1 through 5. Add any amount from Schedule 1, line 22" and the form itself states, "**Total income**." (bold in original). On this tax return, the sum total of lines 1 through 5 and Schedule 1 line 22 requires the following arithmetic: $125,000 (line1), plus $11 (line 2b), minus $20,128 (line 22). That equals $104,883. The indictment alleges that the "amount[]" of $104,883 written on Line 6 and represented to be "Total income" is the "false item" that forms the basis of Count 11 (*See* Doc. 1). However, $104,883 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled,"

the representation on Line 6 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 94, is inserted below:



Count 12 alleges that line 7b of the 2019 IRS Form 1040, U.S. Individual Income Tax Return, for D.N. and M.N. is false. (Doc. 1). Line 7b directs the taxpayer and the preparer to "Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a" and the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a requires the following arithmetic: $134,641 (line1), plus $4,840 (line 2b), minus $3,000 (line 6), plus $78,768 (line 7a). That equals $215,249. The indictment alleges that the "amount[]" of $215,249 written on Line 7b and represented to be "Total income" is the "false item" that forms the basis of Count 12. (*See* Doc. 1). However, $215,249 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 7b of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 95, is inserted below:



Count 18 alleges that line 22 of IRS Form 1040 attached to the 2015 IRS Form 1040X, U.S. Individual Income Tax Return, for David Shane Simmons is false. (Doc. 1). Line 22 of the attached 1040 directs the taxpayer and the preparer to "[c]ombine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $68,986 (line 7) plus $1,112 (line 10), minus $231,573 (line 12). That equals -$161,475. The indictment alleges that the "amount[]" of -$161,475 written on Line 22 of the attached Form 1040 and represented to be "Total income" is the "false item" that forms the basis of Count 18. (*See* Doc. 1). However, -$161,745 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true."

*Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 207, is inserted below:



Count 19 alleges that line 22 of the 2016 IRS Form 1040, U.S. Individual Income Tax Return, for David Shane Simmons is false. (Doc. 1). Line 22 directs the taxpayer and the preparer to "[c]ombine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $69,036 (line 7) minus $67,831 (line 12). That equals $1,205. The indictment alleges that the "amount[]" of $1,205 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 19. (*See* Doc. 1). However, $1,205 is literally true because it follows the specific instructions on the form <u>and</u> because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 208, is inserted below:

18

Count 20 alleges that line 22 of the 2017 IRS Form 1040, U.S. Individual Income Tax Return, for David Shane Simmons is false. (Doc. 1). Line 22 directs the taxpayer and the preparer to "[c]ombine the amounts in the far right column for lines 7 through 21" and then the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 7 through 21 requires the following arithmetic: $70,874 (line 7) plus $750 (line 8a), plus $13 (line 9a), minus $111,701 (line 17). That equals -$40,064. The indictment alleges that the "amount[]" of -$46,064 written on Line 22 and represented to be "Total income" is the "false item" that forms the basis of Count 20. (*See* Doc. 1). However, -$40,064 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 22 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 209, is inserted below:



Count 21 alleges that line 6 of the 2018 IRS Form 1040, U.S. Individual Income Tax Return, for David Shane Simmons is false. (Doc. 1). Line 6 directs the taxpayer and the preparer to "Add lines 1 through 5. Add any amount from Schedule 1, line 22" and the form itself states, "Total income." On this tax return, the sum total of lines 1 through 5 and Schedule 1 line 22 requires the following arithmetic: $66,614 (line1), plus $240 (line 2b), plus $69 (line 3b), plus $8,686 (line 22). That equals $75,609. The indictment alleges that the "amount[]" of $75,609 written on Line 6 and represented to be "Total income" is the "false item" that forms the basis of Count 21 (*See* Doc. 1). However, $75,609 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 6 of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 210, is inserted below:



efile GRAPHIC print - DO NOT PROCESS | LATEST DATA - Production | DLN: 70221691007789

Count 22 alleges that line 7b of the 2019 IRS Form 1040, U.S. Individual Income Tax Return, for David Shane Simmons is false. (Doc. 1). Line 7b directs the taxpayer and the preparer to "Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a" and the form itself states, "This is your **total income**." (bold in original). On this tax return, the sum total of lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a requires the following arithmetic: $68,580 (line1), plus $4,284 (line 2b), plus $6,000 (line 6), minus $27,661 (line 7a). That equals $51,203. The indictment alleges that the "amount[]" of $51,203 written on Line 7b and represented to be "Total income" is the "false item" that forms the basis of Count 22. (*See* Doc. 1). However, $51,203 is literally true because it follows the specific instructions on the form *and* because it is the IRS on the form itself that is making the representation, "This is your **total income**," not the taxpayer or preparer. Just as in *Good*—where the "wording of the question" was the subject of the Fourth Circuit's inquiry and where "the language of that application controlled," the representation on Line 7b of this tax return is by any measure "literally true." *Good*, 326 F.3d at 591-592. An excerpt of this return, admitted as Government Exhibit 211, is inserted below:

efile GRAPHIC print - DO NOT PROCESS | LATEST DATA - Production | DLN: 70211689615880

Form **1040** Department of the Treasury—Internal Revenue Service (99)
**U.S. Individual Income Tax Return** **2019** OMB No. 1545-0074 IRS Use Only—Do not write or staple in this space.

Filing Status — ☐ Amended Return ☐ Single ☑ Married filing jointly ☐ Married filing separately (MFS) ☐ Head of Household (HOH) ☐ Qualifying widow(er) (QW)
Check only one box — If you checked the MFS box, enter the name of spouse. If you check the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent. ▶

Your first name and middle initial: D SHANE & KIMBERLY B<SIMMONS | Last name | Your social security number: ████████5967

If joint return, spouse's first name and middle initial | Last name | Spouse's social security number: ████████2026

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Standard Deduction for— • Single or Married filing separately, $12,200 • Married filing jointly or Qualifying widow(er), $24,400 • Head of | 1 | Wages, salaries, tips, etc. Attach Form(s) W-2 | | | | 1 | 68,580 |
| | 2a | Tax-exempt interest . . | 2a | | b Taxable interest. Attach Sch. B if required | 2b | 4,284 |
| | 3a | Qualified dividends . . | 3a | | b Ordinary dividends. Attach Sch. B if required | 3b | |
| | 4a | IRA distributions . . | 4a | | b Taxable amount . . . . . | 4b | |
| | 4c | Pensions and annuities | 4c | | d Taxable amount . . . . | 4d | |
| | 5a | Social security benefits | 5a | | b Taxable amount . . . . | 5b | |
| | 6 | Capital gain or (loss). Attach Schedule D if required. If not required, check here | | | ▶ ☐ | 6 | 6,000 |
| | 7a | Other income from Schedule 1, line 9 | | | | 7a | -27,661 |
| | b | Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a. This is your **total income** . . . . . | | | ▶ | 7b | 51,203 |

In other words, each and every count alleges that the sole false item on the specifically identified tax return at issue is the "total income" line. Two of those tax returns—the returns giving rise to Counts 3 and 6—contain no statement at all. Thus, on that ground alone, this Court should easily grant this motion for judgment of acquittal. The remaining tax returns contain literally true statements. Thus, as to all Section 7206(2) counts, this Court should grant this motion for judgment of acquittal.

To that end, the Seventh Circuit's analysis in *Reynolds*—also a criminal tax case involving an alleged false statement as to the total taxable income on a federal income tax return—brings the point home. In that case, the indictment alleged that Line 7 of an IRS Form 1040EZ, a simplified version of a U.S. Individual Income Tax Return, was false. *United States v. Reynolds*, 919 F.2d 435, 437 (7th Cir. 1990). But exactly as in this case, Line 7 was "derived arithmetically from other lines." *Id*. Just as here, the tax return directed the taxpayer and preparer to add and subtract ("Subtract line 6 from line 5. If line 6 is larger than line 5, enter 0 on line 7"). *Id*. And precisely as in this case, the tax return itself stated, "This is your taxable income." *Id*. (The tax return in Count 2 states, "This is your total income"). The Seventh Circuit concluded that the numbers baked into the numbers used in the arithmetic equation were false and even that the defendant in that case

likely violated two uncharged criminal tax statutes, 26 U.S.C. §§ 7201 and 7203. *Id*. ("Reynolds did not reveal his complete income (§ 7203) and evaded taxation on that income (§ 7201)"). But because the indictment charged a false statement statute and because the defendant's representation as to the total taxable income was literally true in that it was "derived arithmetically from other lines" and was correct, the Seventh Circuit reversed the convictions based on the literal truth defense. *Id*. at 439 ("The tax convictions are reversed").

This Court should follow the Seventh Circuit's lead for three fundamental reasons. *First*, the only federal appellate court to have ever considered this issue ruled consistent with this motion in a case that is as factually on point as it gets. Indeed, in the context of taxation cases, "courts temper the independence of the analysis in which they engage by according great weight to the decisions of other circuits on the same question. They do so because *the need for uniformity of decision applies with special force in tax matters*." *Huff v. Comm'r of IRS*, 743 F.3d 790, 795 (11th Cir. 2014) (cleaned up, quoting *Birdman v. Office of the Governor*, 677 F.3d 167, 177 (3d Cir.2012), in turn quoting *Wash. Energy Co. v. United States*, 94 F.3d 1557, 1561 (Fed.Cir.1996)).

*Second*, this is consistent with the Fourth Circuit's precedent governing false statement allegations on government forms. *Third*, a plain application of Federal Rule of Criminal Procedure 29 establishes that there is no false statement because a statement that is literally true and consistent with the instructions on the tax form cannot possibly be literally false. Indeed, any other reading would make it impossible not to commit the felony charged in this case—because any other representation on Line 22 would, by definition, *not* be a combination of the amounts in the far-right column for lines 7 through 21 and that is what is supposed to be reflected in Line 22 per the form.

**B.** **This Court Cannot Constructively Amend the Indictment by Permitting the Jury to Convict Kohn Based on Uncharged Alleged False Items on the Tax Returns at Issue**

The Fifth Amendment provides, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury[.]" The "right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment." *Stirone v. United States*, 361 U.S. 212, 218-19 (1960).

The Fourth Circuit has spoken forcefully about constructive amendments. "When the government, through its presentation of evidence and/or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment, a constructive amendment—sometimes referred to as a fatal variance—occurs." *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999) (citing *United States v. Redd,* 161 F.3d 793, 795 (4th Cir.1998)). Indeed, a constructive amendment is such a grave constitutional violation that, in the Fourth Circuit, "a constructive amendment violates the Fifth Amendment right to be indicted by a grand jury, is error *per se,* and must be corrected on appeal even when the defendant did not preserve the issue by objection." *See id*. (citing *United States v. Floresca*, 38 F.3d 706, 712-13 (4th Cir. 1994) (*en banc*); *see also United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007) (a "constructive amendment of an indictment is reversible error per se") (internal citations omitted). In this case, Kohn has a "substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and dismissed as harmless error." *Stirone v. United States*, 361 U.S. 212, 217 (1960).

In *United States v. Farr*, 536 F.3d 1174, 1181 (10th Cir. 2008), a tax evasion case, "the district court essentially allowed the jury to consider two possible bases for conviction—the flawed one outlined in the indictment and another more accurate one added at trial." That court noted, "the government opted to include in its indictment particulars" and "the language employed by the government in its indictments becomes an essential and delimiting part of the charge itself, such that if an indictment charges particulars, the jury instructions and evidence introduced at trial must comport with those particulars." *Id*. Farr was charged with evading the quarterly employment tax for ATHA-Genesis Chapter and his attorney waited until opening statement to argue that an individual cannot owe employment taxes of the corporation. *Id*. Reversing the conviction for a jury instruction that did not hold the Government to what the indictment alleged, that court explained that the Government may have been "in a 'ditch' but it was a ditch created by the government's own charging document." *Id*. The "charging document"—not the prosecution's conception of what the Executive Branch meant by certain terminology—was determinative. *Id*.

In this case, there is no dispute the Government charged particulars and then those particulars were removed by the Court following the close of evidence. Indeed, the Government successfully fended off a pretrial motion facially challenging the indictment by representing to this Court that the indictment was sufficient precisely because of the particulars it charged: "In terms of the substantive tax return counts, it charges a specific year, the client, the line items on the returns." (*See* Transcript of Dec. 19, 2023 Hearing at pg. 65). This was said in the context of the Government's characterization of what the indictment alleges: "the indictment must contain the elements of the crimes and fairly inform them of the charges…they clearly understand what the charges are. *That's because the indictment fully lays them out*." (*Id*. at 64-65) (emphasis added).

The Court's allowance of the redaction of "Line X" from each of the substantive counts fundamentally and impermissibly amended the indictment.

By charging particulars the Government did not prove at trial, the Government is no doubt "in a 'ditch' but it [is] a ditch created by the government's own charging document." *Farr*, 536 F.3d at 1181. As the Tenth Circuit explained in its thoughtful analysis of the constructive amendment issue, "to decide that question, we therefore *compare the indictment with the district court proceedings* to discern if those proceedings broadened the possible bases for conviction *beyond those found in the operative charging document*." *Id.* at 1180 (emphasis added). In other words, the analysis is limited to comparing what actually transpired at trial and the four corners of the charging document—because the indictment reflects the words of the grand jury. The Second Circuit has similarly explained that "an indictment drawn in more general terms may support a conviction on alternate bases, even though an indictment with specific charging terms will not." *United States v. Zingaro*, 858 F.2d 94, 99 (2d Cir. 1988).

### C. This Court Should Grant a Judgment of Acquittal as to Counts 2 through 12 and 18 through 22 Because the Government Has Not Established Venue

"The sixth amendment unequivocally mandates trial in the 'State and district wherein the crime shall have been committed,' and proof of venue is therefore an essential part of the government's case without which there can be no conviction." *United States v. Blecker*, 657 F.2d 629, 632 (4th Cir. 1981) (*quoting United States v. Jones*, 174 F.2d 746, 748 (7th Cir. 1949)). In performing an inquiry into the venue of the charged offenses, "a court must initially identify the conduct constituting the offense . . . and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). Where, as here, a defendant is charged with multiple counts in an indictment, venue requirements must be met for each individual count alleged. *United States v. Smith*, 452 F.3d 323, 335 (4th Cir. 2006). In analyzing

26

whether venue is proper, the Court "must focus on the 'essential conduct elements' of the charged offense." *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (*quoting United States v. Bowens*, 224 F.3d 302, 311 (4th Cir. 2000)).

The Sixth Amendment demands that in "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const., amend. VI. As such, the "government *must* prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18 (emphasis added).

In considering the *essential conduct elements* as they pertain specifically to Kohn for Counts 2 through 12 and Counts 18 through 22, the Government has not introduced evidence that Kohn "willfully aid[ed] or assist[ed] in, or procure[d], counsel[ed], or advise[d] the preparation or presentation . . . of a return . . . which [was] fraudulent or [was] false as to any material matter" within the Western District of North Carolina. 26 U.S.C. § 7206(2).

In fact, even in the light most favorable to the Government, the evidence unequivocally establishes that The Kohn Partnership's office was based in the Eastern District of Missouri at all times relevant to the indictment, and that all acts taken by Kohn—if any—in the preparation and presentation of the tax returns at issue were taken in the Eastern District of Missouri. The undisputed testimony is that all tax returns were submitted to the IRS from St. Louis, Missouri and the Government has not established that they were sent to a service center in the Western District of North Carolina (because there was and is no such IRS service center). Thus, the Government bore the burden of establishing *some act* of Kohn's that aided or assisted in procuring, counseling, or advising *the preparation or presentation* of the tax return at issue as to each count in the Western District of North Carolina—and the Government has not met its burden. Thus, because "proof of

27

venue is therefore an essential part of the government's case without which there can be no conviction," *Blecker*, 657 F.2d at 632, the law mandates entry of a judgment of acquittal as to the substantive Section 7206(2) counts.

As it relates to Counts 2, 3, and 4, Craig Sullivan did not testify about any acts specific to his 2017 IRS Form 1040 (Count 2), 2018 IRS Form 1040 (Count 3), or 2019 IRS Form 1040 (Count 4) that would establish venue in the Western District of North Carolina. And the fact that he lived in this judicial district is not itself dispositive because this Court "must focus on the 'essential conduct elements' of the charged offense." *Ebersole*, 411 F.3d at 524. The Government did not ask Mr. Sullivan about his geographic whereabouts with respect to any discussion as to any specific tax return. Thus, the Government has not established venue.

As it relates to Counts 5 and 6, Karen Bare did not testify about any acts specific to her 2015 IRS Form 1040 (Count 5) or 2016 IRS Form 1040X (Count 6) that would establish venue in the Western District of North Carolina. And the fact that she lived in this judicial district is not itself dispositive because this Court "must focus on the 'essential conduct elements' of the charged offense." *Ebersole*, 411 F.3d at 524. The Government did not ask Ms. Bare about her geographic whereabouts with respect to any discussion as to any specific tax return. Thus, the Government has not established venue.

As it relates to Counts 7, 8, and 9, Greg Bower did not testify about any acts specific to his 2017 IRS Form 1040 (Count 7), 2018 IRS Form 1040 (Count 8), or 2019 IRS Form 1040 (Count 9) that would establish venue in the Western District of North Carolina. And the fact that he lived in this judicial district is not itself dispositive because this Court "must focus on the 'essential conduct elements' of the charged offense." *Ebersole*, 411 F.3d at 524. The Government did not

28

ask Mr. Bower about his geographic whereabouts with respect to any discussion as to any specific tax return. Thus, the Government has not established venue.

As it relates to Counts 10, 11, and 12, Damian Novak did not testify about any acts specific to his 2018 IRS Form 1040 (Count 10), 2019 IRS Form 1040 (Count 11), or 2020 IRS Form 1040 (Count 12) that would establish venue in the Western District of North Carolina. In fact, he testified that at all relevant times, he lived in Minnesota. The Government did not ask Mr. Novak about his geographic whereabouts with respect to any discussion as to any specific tax return. Thus, the Government has not established venue.

Finally, as it relates to Counts 18, 19, 20, 21, and 22, the Government has not introduced sufficient evidence to establish venue. The *only* witness who testified in any way about Mr. Simmons' tax returns was Brandi [Marlow] Davis—and she was not asked a single question about any of the specific tax returns at issue and the location where any acts associated with those returns occurred. And the fact that Mr. Simmons lived and worked in this judicial district is not itself dispositive because this Court "must focus on the 'essential conduct elements' of the charged offense." *Ebersole*, 411 F.3d at 524. Thus, the Government has not established venue.

To be clear, Kohn acknowledges that venue *can* lie in a district other than where the tax return at issue was prepared, the place from which it was mailed or electronically-filed, and the location of the IRS center where it was sent—none of which occurred in the Western District of North Carolina as to any count. *See United States v. Hirschfeld*, 964 F.2d 318, 321 (4th Cir. 1992).

But venue must undisputedly be established *as to every count* and *as to each defendant*. *See Smith*, 275 F.3d at 378; *see also United States v. Villarini,* 238 F.3d 530, 533-34 (4th Cir.2001) (venue "on a count is proper only in a district in which an essential conduct element of the offense took place"). Thus, as it relates to Kohn, this Court "must then determine where the criminal

conduct was committed." *Smith*, 375 F.3d at 378. Where, as here, Kohn is "charged with multiple counts, venue must lie *as to each individual count*." *Id.* (citing to *United States v. Robinson*, 275 F.3d 371, 378 (4th Cir. 2001)).

As to Counts 2 through 12 and 18 through 22, the Government has failed to establish venue as the Sixth Amendment requires. Thus, this Court should enter a judgment of acquittal for each of these counts.

### III.     In the Alternative, this Court Should Grant Kohn a New Trial

Rule 33(a) provides, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "By its terms, Rule 33 confers broad discretion on a district court." *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). While the Fourth Circuit has stated that this discretion should be exercised "sparingly," *United States v. Perry*, 335 F.3d 316, 321 (4th Cir. 2003), it has also held that "the interest of justice is the touchstone for consideration," *United States v. Mitchell*, 602 F.2d 636, 639 (4th Cir. 1979); *see also United States v. D'Amelio*, 636 F.Supp.2d 234, 238 (S.D.N.Y. 2009) ("The Court's broad discretion empowers it to grant relief based not only on the sufficiency of the evidence at trial but on any other circumstance that might render the trial 'essentially unfair,' including trial errors."). Instructively, the Fourth Circuit has said that "the court's authority is much broader than when it is deciding a motion to acquit . . . the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government . . . [and] it may evaluate the credibility of the witnesses." *United States v. Campbell*, 977 F.2d 854, 860 (4th Cir. 1992).

Kohn respectfully incorporates herein each argument in support of his motion for a Rule 29 judgment of acquittal as an argument also in support of his motion for a new trial. In the event

this Court denies Kohn's motion for judgment of acquittal, Kohn respectfully requests that this Court consider those grounds as sufficient grounds to grant Kohn, at a minimum, a new trial.

In addition to the incorporated Rule 29 arguments, Kohn asserts that the denial of his motion in limine regarding evidence of his prior conviction allowed evidence to be introduced that, in the interest of justice, requires a new trial. The now-recognized unconstitutional nature of Kohn's prior conviction under 26 U.S.C. § 7212(a) and the irrelevant and prejudicial nature of the conviction under the Federal Rules of Evidence provide independent and overlapping grounds to grant Kohn a new trial.

## A. *Marinello* Clearly Established That Kohn's Conviction is Outside of the Scope of 26 U.S.C. § 7212(a)

In 2002, Kohn pled guilty to a one-count information charging him with violating 26 U.S.C. § 7212(a)'s "omnibus clause." The parties agreed that the way in which Kohn violated Section 7212(a) was by devising generalized tax planning strategies and preparing tax returns.

However, in 2018, the Supreme Court reined in the scope of Section 7212(a) in order to save the statute from unconstitutional overbreadth. *See Marinello v. United States*, 138 S. Ct. 1101 (2018). The Court held that the Government was required to prove two additional elements to secure a conviction under Section 7212(a): (1) the existence of a nexus between a defendant's alleged conduct and a particular administrative proceeding; and (2) that the particular administrative proceeding was pending at the time the defendant engaged in the allegedly obstructive conduct or, at a minimum, was reasonably foreseeable by the defendant. *Marinello*, 138 S. Ct. at 1109-10. The Eighth Circuit—where venue lies in that case—subsequently observed,

> Before *Marinello*, this Court required three elements for a § 7212(a) offense: (1) in any way corruptly (2) endeavoring (3) to obstruct or impede the due administration of the Internal Revenue Code. *Marinello* thus added two elements—a nexus and knowledge of a currently-pending or reasonably foreseeable proceeding—that this Court did not previously require.

31

*United States v. Beckham*, 917 F.3d 1059, 1064 (8th Cir. 2019) (internal citations omitted).

In April 2021, the Eighth Circuit further explained:

> In *Marinello*, the Supreme Court considered the scope of the Omnibus Clause and determined that "the clause as a whole refers to specific interference with targeted governmental tax-related proceedings, such as a particular investigation or audit," rather than routine tax procedures such as the processing of returns. 138 S.Ct. at 1104. The Supreme Court thus held: "[T]o secure a conviction under the Omnibus Clause, the Government must show (among other things) that there is a 'nexus' between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action. That nexus requires a 'relationship in time, causation, or logic with the [administrative] proceeding.'" *Id*. at 1109 (quoting *United States v. Aguilar*, 515 U.S. 593, 599, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995)). The government also must show the particular proceeding was "pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant." *Id*. at 1110.

*United States v. Prelogar*, 996 F.3d 526, 531 (8th Cir. 2021).

The bottom line is that—by any measure—the entire basis of Kohn's 2002 conviction is unconstitutional because it falls outside the scope of the criminal statute. In this case, there can be no meaningful dispute that Kohn pled guilty to conduct that falls outside the scope of Section 7212(a). In other words, even taking at face value each and every act set out in the charging document and the Stipulation of Facts, Kohn did not violate Section 7212(a) based on binding Supreme Court and Eighth Circuit precedent—because none of the acts had a nexus to a targeted administrative proceeding. At most, Kohn gave tax advice and prepared tax returns, not connected to any proceeding and, at worst, knew the IRS may catch onto his unlawful scheme eventually. *See Marinello*, 138 S. Ct. at 1110. But as a matter of law, that is not a violation of Section 7212(a).

This is precisely the type of prosecutorial overreach the Supreme Court held constitutes an unconstitutionally overbroad interpretation of Section 7212(a), and there is no justice in allowing this conviction to further prejudice Kohn because it preexisted *Marinello*.

32

**B. Evidence of the 2002 Conviction is Irrelevant, Unfairly Prejudicial, and Inflammatory Regardless of the Constitutionality of the Underlying Conviction**

Any reference to the 2002 plea and conviction in a trial more than 20 years later is irrelevant, unfairly prejudicial, and runs afoul of the Federal Rules of Evidence. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *see also* Fed. R. Evid. 401 (evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence") and 402 (irrelevant evidence is inadmissible). Even if the prior conviction is determined to be relevant, Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

To assess whether evidence is admissible under Rule 404(b) and 403, the Fourth Circuit has set forth a four-prong test:

> First, 'the evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant.' Second, '[t]he act must be necessary in the sense that it is probative of an essential claim or an element of the offense.' Third, '[t]he evidence must be reliable.' And fourth, 'the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.'

*United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017) (*quoting United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)).

Under the first prong, evidence of a conviction which occurred more than 20 years before this case was presented for indictment is too far attenuated in time to be relevant to an issue, including any element of a charged offense, in the current case. Further, under the second prong, the prior conviction is not necessary for any essential element of the charged offenses as it, again, relates to conduct occurring over 20 years ago. But, even assuming the Court finds the first three prongs of the test are satisfied, the fourth prong, a Rule 403 analysis, militates against admission of this conviction.

Evidence of his prior conviction was extremely and unfairly prejudicial to Kohn. Because the jury heard about Kohn's prior conviction, an unacceptable risk was created that the jury convicted him in this case, not because the Government has proven him guilty of any of the federal tax crimes charged beyond a reasonable doubt, but because the jury improperly concluded that Kohn's prior conviction somehow makes it more likely that he committed the charged offense in this case. "Because juries can 'hardly avoid' inferring that a prior conviction makes it more likely that a defendant committed the charged offense, 'evidence of similar offenses . . . should be admitted sparingly if at all.'" *United States v. Chin*, 2023 WL 2633594, at *4 (S.D.W. Va. Mar 24, 2023) (*quoting United States v. Sanders*, 964 F.2d 295, 297-98 (4th Cir 1992)). Clearly, the unfair prejudice from evidence of Kohn's prior conviction substantially outweighs any probative value of such evidence and should not have been admissible in his trial.

## C. The Court's Failure to Instruct the Jury on Literal Truth Requires a New Trial

Failing to give a requested jury instruction that "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense" is reversible error in the Fourth Circuit, and certainly is grounds for the granting of a

34

new trial under Rule 33. *United States v. Hickman*, 626 F.3d 756, 771 (4th Cir. 2010). Kohn requested that the Court, in its final jury instructions, give an instruction regarding literal truth. *Ruschky & Shealy, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, p. 647 (2024 Online Edition)*. The proposed instruction was, indeed, correct as it was a pattern instruction promulgated by the District of South Carolina, a common and well-recognized source of jury instructions in this District. The proposed instruction was not substantially covered by any other instruction given by the Court. Indeed, it is a standalone legal concept that has its own pattern instruction, therefore demonstrating its necessity in appropriate situations. Finally, under the test, the failure to give this instruction seriously impaired Kohn's ability to conduct his defense. An essential element of 26 U.S.C. § 7206(2) is that the return "was fraudulent or false as to a material matter." The literal truth defense, of which evidence was adduced at trial, was essential to Kohn's constitutional right to present a complete defense. Because that avenue was foreclosed through the Court failing to give an appropriate jury instruction, the interest of justice requires a new trial under Rule 33.

## IV. Conclusion

Based on the foregoing, Kohn respectfully moves this Court to enter a judgment of acquittal pursuant to Rule 29(c). In the alternative, this Court should enter an order granting Kohn a new trial.

Respectfully submitted,

*/s/ Mark Foster*
MARK FOSTER
Foster Law Offices, PLLC
409 East Blvd.
Charlotte, NC 28203
Telephone: 980-721-5221
markpfosterjr@gmail.com
ATTORNEY FOR MICHAEL KOHN

35

 _/s/ Justin K. Gelfand_
JUSTIN K. GELFAND
JOSEPH A. DIRUZZO, III
GREGORY P. BAILEY
Margulis Gelfand, LLC
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
jd@margulisgelfand.com
greg@margulisgelfand.com
_ADMITTED PRO HAC VICE_
ATTORNEYS FOR MICHAEL KOHN

36

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed electronically with the Clerk of Court and that all counsel of record received notice.

> */s/ Justin K. Gelfand*
> JUSTIN K. GELFAND
> Margulis Gelfand, LLC
> 7700 Bonhomme Ave., Ste. 750
> St. Louis, MO 63105
> Telephone: 314.390.0234
> Facsimile: 314.485.2264
> justin@margulisgelfand.com
> *PRO HAC VICE*
> ATTORNEY FOR MICHAEL KOHN