# EXHIBIT H

**To:** David Sabada[⬛⬛⬛⬛⬛⬛.com]; Phil Palumbo[⬛⬛⬛⬛⬛com]; Vin DePasquale[⬛⬛⬛⬛@comcast.net]; Brian Hickey[⬛⬛⬛⬛@gmail.com]
**From:** Michael Kohn[⬛⬛⬛@kohn-partnership.com]
**Sent:** Wed 11/16/2016 1:32:40 PM (UTC-06:00)
**Subject:** Kohn Criminal Matter

Explanation of Criminal Matters Revised.doc

Dave:

I am headed to the Eye Doctor now or I would call you now. I would like to discuss this with you asap. In the interim, I have attached a summary of the matter which I believes sets forth what really happened.

In addition, all of the people I referred you to knew me before this happened and stayed with me. They will explain why.

The short story is that the IRS showed up at my office on 17 October 1997 and demanded my files for two very well-known clients. I said that I could not turn these files over to anyone without the client's permission since the files contained attorney-client privileged communications.

The IRS refused to back down and we went to court to stop them 3 times - we won all three hearings.

After the third loss, the IRS told my counsel that if I didn't turn these files over that they would add me personally as a target to their investigations of two of my clients.

We continued to fight the IRS (for myself and my clients) for 5 more years at the cost of over $3 million in legal fees.

After demanding millions from me and my clients, in June of 2002 they made me an offer I couldn't refuse:

1. They would give all of my clients immunity from any IRS claims;
2. They would give my kids, my wife and all of my trusts and LP's immunity;
3. I would have to plead to one count of Obstruction of Justice;
4. Pay a $30,000 fine; and
5. I had to surrender my license for 5 years.

The key elements were 1 and 2. I was able to totally protect my clients and my family.

In the memo attached you will read that what I plead guilty to was subsequently determined not to constitute a crime at all. This is the Arthur Anderson Supreme Court Opinion. Then 2 years after that the sentencing guidelines used to sentence me were held to be unconstitutional.

So, what I plead to was determined not to be a crime at all and my sentence was unconstitutional.

I did spend another 2 years and $400,000 plus to "clean up my name" but by then I was back doing exactly what I was doing before and the more time that elapsed I just didn't have to stomach to dig up all of this crap. Besides, my lead counsel Joe Devereux died of Cancer during the motion hearings and I didn't have the money to reeducate another law firm.

Please ask anyone you reach what they know of the case. They will surprise you.

MEK

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended to be delivered to, and for the use of, only the individual(s) to whom it is addressed. It may contain information that is confidential, proprietary, attorney work -product, attorney--client privileged, or subject to other doctrines and/or privileges recognized under applicable law. If you are not the intended recipient, do not read this message but instead please immediately notify the sender by electronic mail and by telephone to (314) 721-8888 and obtain instructions as to the disposal of the transmitted material. In no event is this material to be read, used, copied, reproduced, stored, or retained by anyone other than the named addressee(s) except with the express consent of the sender

DISCLAIMER REGARDING UNIFORM ELECTRONIC TRANSACTIONS ACTS ("UETA"). Some state statutes such as the State of Florida (See FLORIDA STATUTE SECTION 668.50) impose other limitations on electronic communications. For example, if a communication concerns negotiation of a contract or agreement, these laws require that final agreements are only enforceable when manually affixed original signatures are placed on original transaction documents. Where such laws exist, our firm will endeavor to advise you accordingly.

mal
U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this e-mail, is not intended or written to be used, and cannot be used, by any person for the purpose of (1) avoiding penalties under the U.S. Internal Revenue Code or (2)